UNITED STATES of America, Appellee,

v.

Gerald M. HOLLOW, Appellant.

No. 84–1053.

United States Court of Appeals,
Eighth Circuit.

Submitted July 10, 1984.

Decided Nov. 2, 1984.

Charles L. Chapman, Bismarck, N.D., for appellant.

Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Gerald M. Hollow appeals his conviction of two counts of assault, one with a dangerous weapon, in violation of 18 U.S.C. § 113(c) and (d) (1982). He argues that there was insufficient evidence to justify a verdict against him on the count involving the assault of Leta Wise Spirit with a dangerous weapon. He also argues that he received ineffective assistance of counsel. We affirm the judgment of the district court.[1]

The altercation giving rise to these charges occurred at the home of Leta and Lena Wise Spirit at about 1:00 a.m. Gerald Hollow and several others had been at the Wise Spirit house earlier in the evening, evidently celebrating the birthday of his son, Mercury Hollow. During the evening Gerald discovered his girlfriend, Amelia

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

Morrison, was absent. Gerald went to a nearby bar to find her and, when he could not, returned to the Wise Spirit residence with his daughter Joanne, his son Michael, and Ronnie Starr in Ms. Morrison's car. Joanne had been instructed by Ms. Morrison not to allow Gerald to have the keys. When they arrived at the Wise Spirit residence, Gerald began quarreling over the car keys with Joanne. When Joanne refused to give him the keys, he became angry. He opened the hood of the car and started to pull out wires under it. Hearing the commotion, Leta and Lena Wise Spirit came out of the house. Words were exchanged between Gerald and Leta and Lena Wise Spirit, during which Gerald pulled his knife out of its sheath and said that he wasn't afraid to use it.

Leta Wise Spirit then moved toward Gerald. With his knife in one hand, he pushed Leta backwards with both hands against her chest, causing her to fall and strike her head on the sidewalk. Lena next approached Gerald. He swung the knife at her face and knocked her down. She then got back up and moved toward him again until she was pulled away. At the conclusion of the melee, Leta Wise Spirit had suffered a two-inch cut on the crown of her head, which required seven stitches to close, and a two-inch jagged cut on her left cheek, which required nine stitches to close. Lena had suffered a one-and-one-fourth-inch cut on her left forehead, which required six stitches to close.

Count I charged Hollow with assault on Leta Wise Spirit, and Count II charged him with assault on Lena Wise Spirit. Both counts charged violation of 18 U.S.C. § 113(c), assault with a dangerous weapon with intent to do bodily harm. The jury convicted Hollow of Count I as charged. It acquitted him on Count II by returning a verdict of guilty on the lesser charge of assaulting Lena Wise Spirit by striking, beating, or wounding her in violation of 18 U.S.C. § 113(d). Hollow was sentenced to five years imprisonment on the first charge and six months concurrent imprisonment on the second.

■ On appeal, Hollow argues that there is insufficient evidence to establish that he assaulted Leta Wise Spirit with a dangerous weapon since he used both hands to push her at chest level and did not swing the knife at her. He argues that there was no evidence that under these circumstances the knife was used as a dangerous weapon, even though it was in his hand. He further argues that there was no evidence of intent to do bodily harm.

In considering the sufficiency of the evidence, we must sustain the verdict of the jury if there is substantial evidence, taking the view most favorable to the government, to support the verdict. *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974); *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 467, 469, 86 L.Ed. 680 (1942); *United States v. Hudson*, 717 F.2d 1211, 1213 (8th Cir.1983). We believe that the evidence was sufficient to support the jury's verdict of assault with a dangerous weapon. When Hollow pushed Leta with both hands while he held the knife, he was using the knife as a dangerous weapon. It is true that he did not swing at Leta with the knife as he did at Lena. Leta's injury to the crown of her head undoubtedly occurred when she fell and struck the sidewalk. The two-inch jagged, v-shaped cut to her left cheek, however, is not explained in this manner. There was also evidence that when the knife was found the officer saw a red substance on it. We have no difficulty concluding that the knife was used in a manner likely to endanger life or inflict serious bodily harm. *See United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983). *Guilbert* points out that "assault" within the meaning of 18 U.S.C. § 113 includes both criminal assault, an attempt to commit a battery, and tortious assault, an act that puts another in reasonable apprehension of immediate bodily harm. *Id.* While the evidence is circumstantial, it was sufficient to support a jury finding that Lena was so put in apprehension as well as that the

injury to Leta's cheek was in fact caused by the knife.

■ Hollow argues there was no evidence of intent to do bodily harm. "Since you cannot look into the mind of a person, intent must necessarily be inferred either from his acts or statements." *Coil v. United States*, 343 F.2d 573, 577 (8th Cir.), *cert. denied*, 382 U.S 821, 86 S.Ct. 48, 15 L.Ed.2d 67 (1965). Here there was evidence that Hollow, after becoming angry, took the knife from its sheath and said that he wasn't scared to use it on anybody and that he was going to stab everybody. There was evidence that he swung it at Lena, although not at Leta. We think this evidence is sufficient for a jury to conclude that Hollow had intent to do bodily harm.

■ Finally, Hollow argues that he was inadequately represented at trial. His counsel on appeal, a different lawyer than the one that represented him at trial, argues that certain objections to the admission of evidence were not made and simply refers us to the transcript. This falls far short of satisfying either the requirements of Federal Rule of Appellate Procedure 28(e) as to references to the record, *see United States v. Cohen*, 738 F.2d 287 (8th Cir.1984), or the test for ineffective assistance of counsel enunciated in *United States v. Cronic*, —— U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), and *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our careful review of the transcript does not disclose a failure to interpose potentially successful objections. On the contrary, the record shows that Hollow's counsel successfully moved to exclude evidence of Hollow's prior convictions of assault with dangerous weapons in 1973 and 1977. Counsel extensively cross-examined the government's witnesses. Counsel moved for judgment of acquittal at the close of the government's case. While Gerald Hollow, in a filing pro se, argues that other witnesses, including Amelia Morrison, should have been called, we are able to ascertain from the record that Amelia Morrison was not present at the time of the altercation.

Those present at the altercation, the three participants, Gerald's children, Joanne, Michael, and Mercury Hollow, his brother, Harold Hollow, and the next-door neighbors, Delphine and Ervin Plenty Chief, all testified, as well as the police officer, Archie Fool Bear, and Albert Gipp. We cannot conclude that Gerald Hollow makes any showing to satisfy the test of *Strickland* that counsel's performance was deficient and that the deficiency prejudiced Hollow's defense so as to deprive him of a fair trial.

The evidence may have been stronger with respect to the assault on Lena Wise Spirit than it was with respect to that on Leta Wise Spirit. Nevertheless, we conclude that it was sufficient to justify a jury in finding that Gerald assaulted Leta Wise Spirit with a dangerous weapon with intent to do bodily harm. We affirm the judgment of the district court.