UNITED STATES of America, Plaintiff,

v.

James Vernell MOORE, Defendant.

Crim. No. 4–87–44.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 3, 1987.

Jerome Arnold, U.S. Atty. by Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Kevin Lund, Rochester, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

On June 24, 1987, defendant, an inmate at the Federal Medical Center in Rochester, was convicted by a jury of two counts of assault with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 111 and 1114. The indictment alleged that he had tested positive for the Human Immunodeficiency Virus (HIV)[1] antibody and that later he assaulted two federal correctional officers with his mouth and teeth.

Now before the court are motions by defendant pursuant to Fed.R.Crim.P. 29 and 33 for judgment of acquittal and for a

1. This virus is commonly referred to as AIDS (Acquired Immune Deficiency Syndrome).

new trial. After reviewing the parties' initial briefs, the court asked them to discuss specific issues in additional memoranda. In deciding the motions, the court has carefully reviewed these submissions, as well as the record at trial.

■ Defendant moves for judgment of acquittal on the ground that the evidence at trial was insufficient to sustain a conviction for assault with a deadly or dangerous weapon. The parties agree that a deadly or dangerous weapon is an object that is "used in a manner likely to endanger life or inflict serious bodily harm." *United States v. Hollow*, 747 F.2d 481, 482 (8th Cir.1984). Defendant argues, however, that "in order for [his] mouth and teeth to be a deadly and dangerous weapon, there must be sufficient evidence to show beyond a reasonable doubt that the AIDS virus can be transmitted by a human bite." He believes the evidence was not sufficient to make that showing or to show that human bites like those in this case are likely to produce death or great bodily harm. Defendant concludes from this that his mouth and teeth could not have been a deadly or dangerous weapon. The government responds that the jury was not required to find that the AIDS virus could be transmitted by a human bite in order to convict defendant of assault with a deadly or dangerous weapon. It points to other evidence to support the jury's findings.

On a motion for judgment of acquittal, "the evidence is viewed in the light most favorable to the government, the government is given the benefit of all reasonable inferences, and the verdict will be upheld if there is substantial evidence to support it." *United States v. Gatewood*, 786 F.2d 821, 824 (8th Cir.1986); *see also United States v. Dempewolf*, 817 F.2d 1318, 1322 (8th Cir.1987). The evidence at trial showed that AIDS can be transmitted through bodily fluids such as blood and semen. De-

fendant had been informed that he had both the AIDS virus and the hepatitis antibody and that he could potentially transmit the diseases to other persons. Defendant bit Officer McCullough on the leg twice, leaving a four inch saliva stain. He bit Officer Voight on the leg, breaking the skin and leaving a mark that was visible five months later at trial. After the incident, defendant stated that he intended to kill the officers. Dr. C.F. Gastineau testified at trial that any human bite can cause a serious infection given the variety of infectious microorganisms present in the human mouth. He also testified that blood is sometimes present in the mouth, particularly if an individual has ill-fitting teeth or gum problems. He testified the defendant has some false teeth or a bridge. Viewed in the light most favorable to the government, this composite of evidence supports the guilty verdicts.[2] Defendant's motion for judgment of acquittal should therefore be denied.

Defendant's motion for a new trial asserts that the court erred in denying his requested jury instruction twelve[3] and by allowing testimony as to the precautions Officers Voight and McCullough were instructed to take to avoid infecting their families. The government counters that these rulings were not erroneous.

■ Defendant's very specific proposed instruction would have improperly restricted the jury's consideration of a key factual question. *See United States v. Czeck*, 671 F.2d 1195, 1197 (8th Cir.1982) (approving instruction that "the issue of whether the gun was a deadly weapon was a factual determination for the jury"). The court instructed the jury that "[t]he issue of whether the human mouth and teeth are a deadly or dangerous weapon is a factual determination for you to make from the evidence in the case." Defendant's proposed instruction would prevent the jury

---

**2.** This is not to say that the human mouth and teeth would always constitute a deadly or dangerous weapon or that every assault by someone with the AIDS virus would fit within the statute.

**3.** Defendant's proposed instruction twelve reads:
The issue of whether the human mouth and teeth are a deadly or dangerous weapon is a factual determination which you must make.

If the government has failed to prove beyond a reasonable doubt that the virus commonly referred to as AIDS can be transmitted from one human being to another human being by a bite, the government has failed to prove that the human mouth and teeth are a deadly or dangerous weapon.

from considering all of the evidence relating to the human bites in this case." No authority has been cited for the proposition that the jury's consideration of the deadly or dangerous weapon element should be so limited. Moreover, "[a] defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction." *United States v. Walker*, 817 F.2d 461, 463 (8th Cir.1987).

Neither does the limited testimony concerning precautions that Officers Voight and McCullough were advised to take require a new trial. The evidence was probative of the dangerousness of the bites inflicted by defendant, and the probative value outweighed any prejudicial effect.

Accordingly, pursuant to the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant's motion for judgment of acquittal is denied.

2. Defendant's motion for a new trial is denied.