967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley L. GEORGE, Defendant-Appellant.
 No. 91-10147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1992.
Decided June 26, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley L. George appeals his conviction and sentence on three counts of assault with a dangerous weapon with intent to do bodily harm. We affirm the judgment.
 
 I. FACTS AND PROCEEDINGS BELOW
 
 3
 George was arrested on May 16, 1990, after an armed confrontation with local police officers on a Hopi Indian reservation in Arizona. George's wife and daughter had called the police after George had discharged a rifle in the house during a domestic argument. Five police officers from the Bureau of Indian Affairs arrived at the George family's house but did not find George. The officers found footprints outside, however, and followed them up a hill behind the house.
 
 
 4
 As the officers were climbing the hill, George fired a single shot from his deer rifle. Officers Hilton Polacca, Ernest Nahnacassia, and Anthony Pablo testified that they heard a bullet whizz over their heads. All five officers fell to the ground and extinguished their flashlights. George advanced down the hill toward the officers and made repeated threats that he was going to "get" the officers one by one. Three officers testified that they heard the sound of a bolt action rifle being reloaded. One of the officers fired two shots, wounding George in the stomach. Police subsequently found four bullets in George's pocket and another on the ground. They also discovered that the rifle was unloaded.
 
 
 5
 George was indicted on four counts of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(c) & 1153. Count I charged George with an assault on his daughter related to the shot fired in the house. Counts II, III, and IV charged George with assaults on Officers Polacca, Pablo, and William Purley. George was tried before a jury on November 27-30, 1990. At the close of the government's case, George moved for acquittal on all four counts. The district court directed a verdict for George on Count I; the jury subsequently found George guilty on Counts II, III, and IV.
 
 
 6
 Prior to sentencing, George objected to the presentence report's recommendation that the court consider the three counts of conviction separately in calculating George's sentence. The district court denied the objections and sentenced George to three concurrent prison terms of 60 months, to be followed by three years of supervised release. George timely appealed.[1]
 
 II. STANDARD OF REVIEW
 
 7
 The denial of a motion for acquittal under Fed.R.Crim.P. 29 is reviewed under the same standard as a sufficiency of the evidence claim. The conviction must be affirmed if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir.1987) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 484 U.S. 1077 (1988).
 
 III. GEORGE'S CONVICTION
 
 8
 To prove violations of 18 U.S.C. § 113(c), the government must establish that the defendant committed a specific act and had a specific intent for each offense of conviction. United States v. Washington, 819 F.2d 221, 226 (9th Cir.1987). Section 113(c) embraces both of the common law definitions of assault: (1) an attempt to commit a battery; and (2) a threat to inflict injury which, when coupled with an apparent present ability, puts another in reasonable apprehension of immediate bodily harm. See United States v. Dupree, 544 F.2d 1050, 1051 (9th Cir.1976); see also United States v. Johnson, 637 F.2d 1224, 1242 n. 26 (9th Cir.1980). It is the second definition that is pertinent here.
 
 
 9
 George concedes that his actions might support multiple convictions for simple assault since he threatened to inflict injury on the officers, had an apparent present ability to do so, and caused the officers reasonably to fear immediate bodily harm. He maintains, however, that after the single shot was fired, the rifle could not have been used as a dangerous weapon because it was not loaded. George also argues that the fact that he fired a single shot establishes at most that he intended to do bodily harm to only one of the officers.
 
 
 10
 We cannot accept George's characterization of his conduct as a "single act." George committed numerous culpable acts in addition to firing the rifle: individualized verbal threats against the officers; stalking the officers after having pinned them down with rifle fire; and attempting to reload the rifle while advancing on the officers. Officer Polacca testified that he heard George shout "I'm coming down to get you"; he also heard the sound of a bolt action rifle being reloaded. Officer Polacca then heard George shout, "I'm coming down to get you guys one by one." Officer Nahnacassia testified that he also heard George yell that he was coming to get them "one by one," and he also heard the sound of George reloading the rifle. Officer William (Mel) Purley testified that he recognized George's voice and yelled for him to lay down his weapon. George shouted back, "Where are you at Mel? I'm coming towards you." Officer Purley testified that before he shot George he heard George reloading and saw the rifle being lowered toward him. This additional threatening conduct by George is sufficient to satisfy the specific intent requirement of 18 U.S.C. § 113(c) with respect to each victim.
 
 
 11
 George does not dispute that his conduct falls within the definition of simple assault with respect to each officer-victim. Thus, the first element of a section 113(c) violation is satisfied for all three counts of conviction. When all of George's conduct is considered, there is also ample evidence that he intended to do bodily harm to all three victims. George's express verbal threats to "get" the officers "one by one," his firing in their direction, and his advance on them while attempting to reload his deer rifle are sufficient to support a jury determination that George intended bodily harm to the officers. Cf. United States v. Hollow, 747 F.2d 481, 482-83 (8th Cir.1984) (holding that where defendant threatened to stab both victims, but swung knife at only one victim and pushed the other with both hands, § 113(c) element of intent to do bodily harm was satisfied with respect to second victim).
 
 
 12
 As for the "dangerous weapon" element of 18 U.S.C. § 113(c), the Supreme Court has held that an unloaded gun constituted a dangerous weapon for purposes of a similar statute. In McLaughlin v. United States, 476 U.S. 16 (1986), the Court announced a broad reading of the phrase "use of a dangerous weapon" in the context of the federal bank robbery statute, 18 U.S.C. § 2113(d).[2] In holding that an unloaded handgun was a "dangerous weapon" within the meaning of that statute, the Court stated:
 
 
 13
 Three reasons, each independently sufficient, support the conclusion that an unloaded gun is a "dangerous weapon." First, a gun is an article that is typically and characteristically dangerous; the use for which it is manufactured and sold is a dangerous one, and the law reasonably may presume that such an article is always dangerous even though it may not be armed at a particular time or place. In addition, the display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue. Finally, a gun can cause harm when used as a bludgeon.
 
 
 14
 McLaughlin, 476 U.S. at 17-18. The first two reasons support the conclusion that George's handling of the rifle during his confrontation with the officers constituted the use of a dangerous weapon for purposes of section 113(c). We therefore conclude that the "dangerous weapon" element of section 113(c) is satisfied for each count even though George was unsuccessful in reloading the rifle.
 
 IV. GEORGE'S SENTENCE
 
 15
 George contends that the district court incorrectly calculated his sentence based on three counts of conviction rather than one. The district court gave George a three-level increase in offense level under U.S.S.G. § 3D1.4 because George was convicted on three counts. Because we hold that George properly was convicted on three counts of assault with a dangerous weapon, we find no error in his sentence.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court had jurisdiction under 18 U.S.C. §§ 1153 & 3231; we have jurisdiction under 28 U.S.C. § 1291
 
 
 [2]
 The statute provides:
 Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 18 U.S.C. § 2113(d).