**UNITED STATES of America,
Appellee,**

v.

**Alex C. CACIOPPO, Appellant.**

**No. 74–1936.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.

Decided May 12, 1975.

Rehearing Denied June 3, 1975.

Michael L. Midyett, Keytesville, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

## PER CURIAM.

Alex C. Cacioppo, a Doctor of Osteopathy, was indicted in April 1974 for 41 counts of violating 42 U.S.C. § 408(c). He was ultimately tried before a jury on 35 counts in October 1974, and found guilty of all 35. He received three concurrent six month sentences and $3,500 in fines. This is an appeal from that conviction.

The 35 charges were based on claims for payment for services rendered under the Medicare Program which Dr. Cacioppo had submitted. The evidence established that some of the office and nursing home visits for which Cacioppo sought compensation were never made. On appeal Cacioppo challenges the sufficiency of the indictment and the instructions. We affirm the conviction.

Dr. Cacioppo contends on appeal that the indictment fails to charge an offense because it does not state that the defendant "knowingly and willfully" made the false statements charged.[1] The indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Specific intent is an essential element of the violation of 42 U.S.C. § 408(c); therefore it must be set out in the indictment. United States v. Denmon, 483 F.2d 1093, 1095 (8th Cir. 1973). But the time has passed when the form of an indictment took precedence over its substance. United States v. Glup, 482 F.2d 1288, 1289 (8th Cir. 1973). Paragraph four of the indictment in this case alleged that the defendant "did unlawfully make . . . false statements and representations of material facts . . . to secure payment under Part B of . . . Title XVIII of [the] Social Securities Act, for medical services . . . rendered . . . whereas in truth and fact, *as the said defendant then and there well knew*, such patients visited the defendant or were visited by the defendant less frequently than stated, or did not receive the treatment as designated. . . ." (Emphasis added.) We hold that this sets out "the essential facts constituting the offense charged" as required by Rule 7(c)(1), including the element of intent. The words "knowingly and willfully" would add nothing to the allegations that Cacioppo unlawfully made false statements which he knew to be false which are already contained in the indictment.

Federal Rule of Criminal Procedure 30 provides in part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Here the defendant admits that no objection was

---

1. This alleged error was not raised until appeal; however we may consider it under Fed. R.Crim.P. 12(b)(2).

made to the portion of the charge he now alleges to be erroneous. This omission "renders the instruction unassailable on review in the absence of plain error." United States v. Lawson, 483 F.2d 535, 537 (8th Cir. 1973), cert. denied, 414 U.S. 1133, 94 S.Ct. 874, 38 L.Ed.2d 757 (1974). The defendant alleges there was plain error because the jury was not informed that the false statements had to be made to secure Medicare payments in order to constitute the offense charged. Reading the instructions as a whole, we find two instances where the jury was told that this was a factor in the offense charged. Under the circumstances there was not plain error. Fed.R.Crim.P. 52(b).

A third ground of appeal advanced by Dr. Cacioppo is that it was error to deny his motion for judgment of acquittal. He contends that there was no showing that the claims in question were ever submitted to the government's agent for payment. From our study of the transcript we have decided that this argument is not supported by the evidence, and therefore without merit.

We therefore affirm the conviction.