UNITED STATES of America, Appellee,

v.

**Carter CAMP, Appellant.**

**No. 75–1955.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1976.

Decided Sept. 2, 1976.

---

Joseph Beeler, Miami, Fla., for appellant; Elliot Lee Daum, Camp Meeker, Cal., on brief.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for appellee; Evan L. Hultman, U. S. Atty., Sioux City, Iowa, William F. Clayton, David R. Gienapp, Sioux Falls, S. D., on brief.

Before LAY and WEBSTER, Circuit Judges, and URBOM, District Judge.[*]

URBOM, District Judge.

The defendant has appealed from a judgment of conviction on Count I of an indictment which reads:

> On or about the 11th day of March, 1973, at Wounded Knee, in the District of South Dakota, Carter Camp wilfully, knowingly, and unlawfully resisted, opposed, impeded, intimidated and interfered with Gene W. Graham, a United States Postal Inspector, while the said officer was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111 and § 1114.

Eight issues have been raised, but six of them were examined and found to be without merit in a codefendant's appeal, *United States v. Crow Dog,* 537 F.2d 308 (8th Cir., 1976). Remaining are questions of sufficiency of the indictment and of the evidence.

### I. Sufficiency of the Indictment

The statute under which the indictment was returned, 18 U.S.C. § 111, begins:

> Whoever *forcibly* assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 . . . (Italics added)

The word "forcibly" was omitted from the indictment, and we conclude that the omission requires a reversal of the conviction.

That the use of force is an essential element of the offense defined in 18 U.S.C. § 111 appears from the wording of the statute itself, and the courts interpreting it have been uniform in so declaring. *United States v. Bamberger,* 452 F.2d 696 (2d Cir. 1971); *United States v. Johnson,* 462 F.2d 423 (3d Cir. 1972), *cert. denied,* 410 U.S. 937, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1973); *Long v. United States,* 199 F.2d 717 (4th Cir. 1952); *United States v. Hightower,* 512 F.2d 60 (5th Cir. 1975). *See also United States v. Cunningham,* 166 U.S.App.D.C. 206, 509 F.2d 961 (1975); *United States v. Frizzi,* 491 F.2d 1231 (1st Cir. 1974).

To be sufficient, an indictment must fairly state all the essential elements of the offense. As stated in the Supreme Court's most recent declaration on the subject, *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974):

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States,* 285 U.S. 427 [52 S.Ct. 417, 76 L.Ed. 861] (1932); *United States v. Debrow,* 346 U.S. 374 [74 S.Ct. 113, 98 L.Ed. 92] (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Carll,* 105 U.S. 611, 612 [26 L.Ed. 1135] (1882).

Omissions which are fatal are those of essential elements "of substance,"

---

[*] The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

rather than "of form only." *United States v. Carll, supra.* In determining whether an essential element has been omitted a court will not insist that any particular word or phrase appear, and the element may be alleged "in any form" which substantially states the element. *Hagner v. United States, supra,* 285 U.S. at 433, 52 S.Ct. 417. Thus this court in *United States v. Cacioppo,* 517 F.2d 22 (8th Cir. 1975), found that charging that the defendant "well knew" was a substantial equivalent of "knowingly and wilfully."

◼ The element of force in 18 U.S.C. § 111 is plainly of substance and not of form only.

◼ The word "forcibly" does not appear in the indictment, nor does any word with a similar import. The indictment is thus defective, unless it is saved, as the United States urges, by (1) the fact that a bill of particulars in the form of a letter from the prosecutor informed the defendant of the events surrounding the incident which led to the charges against him, (2) the fact that the trial judge correctly instructed the petit jury that force is an essential element of the offense, and (3) the reference in the indictment to the statute, 18 U.S.C. § 111.

◼ If the only office of an indictment were the giving to a defendant of notice of the charge sufficient to enable him to prepare his defense and to be protected from double jeopardy, these factors might be persuasive. *See United States v. Denmon,* 483 F.2d 1093 (8th Cir. 1973). Beyond notice and double jeopardy, however, is the distinct constitutional right, protected by the Fifth Amendment, that a defendant be tried upon charges found by a grand jury. *Ex Parte Bain,* 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). The grand jury did not see or participate in preparing the bill of particulars or the trial court's instructions to the petit jury, so neither the bill of particulars nor the instructions supply assurance that the grand jury charged the defendant with having acted forcibly. *See Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Denmon, supra,* at 1097. Only the words of the indictment give evidence of whether the grand jury considered and included within the offense charged the essential element of force. A reading of the indictment discloses no hint of force, unless it be from the words "in violation of 18 U.S.C. § 111 and § 1114."

Stating that an act is "in violation of 18 U.S.C. § 111 and § 1114" adds no factual information as to the act itself. It declares the legal basis for claiming that the act is deserving of punishment, but does nothing to describe the act. Stated another way, it is of scant help in deciding whether the grand jury considered force to be an essential element. Even if some shade of factual inference were warranted, it would not reach the standard of *Hamling v. United States, supra,* that the "words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense . . ."

◼ This reasoning is consistent with Rule 7 of the Federal Rules of Criminal Procedure, which requires both that an indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged" and that an indictment "state for each count the . . . citation of the statute . . . which the defendant is alleged therein to have violated." The rule's wording makes two requirements—the statement of the essential facts *and* the citation of the statute. They are separate requirements and not a restatement of one another. If citation of the statute were a statement of the facts, nothing beyond a citation would be necessary. Surely no one could assert persuasively that an indictment that merely charged that a defendant violated a cited statute would suffice as an indictment. Yet there is nothing so distinctive about the essential element of force that affords a rational justification for saying that a citation of the statute constitutes a full, direct statement of that essential element but not of all the others.

This court in *United States v. Denmon, supra,* at 1097, said:

> . . . The major constitutional reason why the indictment was defective in this case is the Fifth Amendment's requirement that the defendant has the right to be tried upon charges found by a grand jury. . . . We cannot say that the grand jury would have returned a true bill against the defendant if the essential element of a criminal intent would have been included in the indictment. . . .

This case is substantially like the *Denmon* case. It is true that in *Denmon* the court did not discuss the question of whether the citation of the statute supplied the missing element, presumably because the argument was not made. We are unable to conclude, however, that that one factor, if it had been called to the court's attention, would have worked a contrary result.

 The sufficiency of the indictment in the present case was not challenged until this appeal. This is permissible, because the indictment omitted an essential element, whereby it became "so defective that by no reasonable construction can it be said to charge the offense" for which the defendant was convicted. *Muench v. United States,* 96 F.2d 332, 335 (8th Cir. 1938); *United States v. Ivers,* 512 F.2d 121 (8th Cir. 1975). *See also Harris v. United States,* 104 F.2d 41 (8th Cir. 1939).

### II. Sufficiency of the Evidence

Because of the reversal for insufficiency of the indictment, no extensive discussion of the evidence is necessary. We nevertheless have examined the evidence in detail and find that it amply supports a conviction as an aider and abettor. There was evidence of a forcible interference with postal inspectors, including Gene W. Graham, by persons other than the defendant, and evidence of the defendant's having wilfully and knowingly associated himself with a criminal venture, of his having participated in it as something he wished to bring about, and by his acts having sought to make it succeed. That is enough. *Pigman*

*v. United States,* 407 F.2d 237 (8th Cir. 1969).

Briefly, the evidence was that the postal inspectors approached Wounded Knee, South Dakota, and were stopped at a roadblock by armed persons, were ordered from their car, were told to raise their hands or they would be shot, and were taken into Wounded Knee, where they were told that they were prisoners of war. This shows that they were forcibly resisted, opposed, impeded, intimidated and interfered with. The defendant, according to the evidence, appeared on the scene at Wounded Knee, directed that the postal inspectors line up in single file, informed them that they were being released because the F.B.I. had told him that if they were not released the F.B.I. would come in and take them, and told the postal inspectors that they should not talk with anyone and that they were in the same status as before. Thereafter, others placed the inspectors in the back of a pickup and transported them to a point south of Wounded Knee where they were ordered to stand with their hands over their heads. The defendant's involvement in the crime by one or more affirmative acts was demonstrated.

In summary, we find no error except that the indictment was insufficient. For this reason, the conviction must be reversed.