**UNITED STATES of America, Appellee,**

v.

**Martin Robert CZECK, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Lester Gary VAN WERT, Appellant.**

**Nos. 81–1996, 81–1997.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1982.

Decided March 8, 1982.

Marc G. Kurzman, Kurzman, Shapiro & Manahan, Minneapolis, Minn., for appellant Czeck.

Scott F. Tilsen, Asst. Federal Defender, argued, Minneapolis, Minn., for appellant Van Wert.

James M. Rosenbaum, U. S. Atty., James A. Morrow, Asst. U. S. Atty., D. Minn., argued, Minneapolis, Minn., Tammy Pust-Norton, Legal Intern, for appellee.

Before LAY, Chief Judge, ROSS and AR-NOLD, Circuit Judges.

ROSS, Circuit Judge.

Martin Robert Czeck and Lester Gary Van Wert appeal their jury convictions on one count of assaulting a federal officer in violation of 18 U.S.C. §§ 111, 1114 and 2. Appellants contend (1) that the indictment failed to allege an essential element of the offense charged and was therefore defective; (2) that the trial court erred in refusing to instruct the jury on the definition of a dangerous weapon; and (3) that appellant Czeck was denied a fair trial because the government suppressed evidence which was favorable to Czeck. We affirm.

Appellants first contend that the indictment was insufficient because it failed to allege that a *federal* officer had been the victim of the assault. The indictment read as follows:

THE UNITED STATES GRAND JURY CHARGES THAT:

\*   \*   \*   \*   \*   \*

COUNT V

On or about March 1, 1981, in the State and District of Minnesota, the defendants,

MARTIN ROBERT CZECK, LESTER GARY VAN WERT, and DENNIS JAMES KING,

each aiding the other, willfully and by means and use of a dangerous weapon, that is, a firearm, did forcibly assault, resist, impede and intimidate *Special Agent Paul Zamzow* while the said officer was engaged in the performance of his official duties; in violation of Title 18,

United States Code, Sections 111, 1114 and 2.

(Emphasis added.)

Section 111 of Title 18 of the United States Code provides in part as follows:

Whoever forcibly assaults, resists, opposes, * * * or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, * * *.

Section 1114 of Title 18 of the United States Code provides that special agents of the Bureau of Alcohol, Tobacco and Firearms (BATF) are within the scope of those persons having the federally protected status required by section 111. Paul Zamzow was a special agent for BATF at the time the assault took place. Appellants argue that by designating Zamzow as only a "special agent" and not as a "special agent for BATF" the indictment was insufficient since the element of his federally protected status, required by section 1114, was absent. We disagree.

■ Where the sufficiency of the indictment is questioned for the first time on appeal, it will be found sufficient unless so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted. *Muench v. United States*, 96 F.2d 332, 335 (8th Cir. 1938). An indictment is fatally insufficient when an essential element "of substance" is omitted, rather than one "of form" only. To determine whether an essential element has been omitted, a court may not insist that a particular word or phrase appear in the indictment where the element is alleged "in a form" which substantially states the element. *United States v. Camp*, 541 F.2d 737, 739–40 (8th Cir. 1976).

We find that this indictment is sufficient under *Camp*. We hold that the term "Special Agent Paul Zamzow" can be reasonably construed to charge the offense of assaulting a federal officer. The term "Special Agent" coupled with the citation to the federal statute makes it clear that a *federal* officer was assaulted in the performance of his duties. *See United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981).

Furthermore, in *Camp* we held that the court may not insist that a particular word or phrase be present in the indictment if the substantive elements are alleged, therefore it would be improper to insist that the phrase "special agent Paul Zamzow, BATF" is required to uphold this particular indictment. The deficiency alleged by the appellants is one "of form" only. The indictment is sufficient since it clearly states all the essential elements "of substance" necessary to charge appellants with the offense of assaulting a federal officer.

■ The appellants' second contention is that the trial court erred in refusing to use a jury instruction, which was requested by the appellants, on the definition of a dangerous weapon. We disagree. The jury was instructed to the effect that the issue of whether the gun was a deadly weapon was a factual determination for the jury and that the mere possession of the pistol by appellants during the assault did not make the gun a dangerous weapon. The instructions which the jury received on this issue were sufficient. The appellants are not entitled to a particularly worded instruction where the instructions given by the trial judge adequately cover the substance of the requested instruction. *United States v. Deon*, 656 F.2d 354, 356 (8th Cir. 1981).

■ The third contention in this appeal is that the appellant Czeck was denied a fair trial because the jury was provided with a transcript of the tape recording made during the assault which differed from another transcript drawn up prior to the trial which was never received by appellants. Appellants argue that the earlier transcript contained evidence which was favorable to Czeck and the suppression of such evidence was a deprivation of exculpatory material under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), since the material could have been used to attack the credibility of the government agents. We disagree. We have examined the transcripts and find no material difference between them which would amount to suppression of evidence favorable to appellant Czeck.

In summary, we find no error which would warrant reversal. For this reason, the convictions must be affirmed.