**UNITED STATES of America, Appellee,**

v.

**Clarence MILLER a/k/a Scrappy, Appellant.**

**No. 85–1052.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1985.

Decided Oct. 3, 1985.

R.J. Slater, St. Louis, Mo., for appellant.

---

James K. Steitz, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

Clarence "Scrappy" Miller appeals from his jury conviction of operating a gambling establishment in violation of 18 U.S.C. section 1955. For reversal, Miller argues that the indictment should be dismissed for failure to allege with particularity the elements of the offense charged; that the indictment should be dismissed because of preindictment delay; that the district court should have granted Miller's motion for a directed verdict because any gambling operation involved was not of sufficient size and scope to fall within the purview of the federal statute; and that the district court should have granted Miller's motion for a new trial because the Government's conduct was so outrageous as to deny Miller due process of law.

■ We hold that the indictment was insufficient in that it failed to cite the state statute alleged to have been violated, an essential element of the offense described in 18 U.S.C. section 1955. We therefore reverse and remand with instructions to enter a dismissal of the indictment.

From late 1979 or early 1980 through May of 1980, Miller was involved in the management of a "social club" in St. Louis. Patrons would play cards and shoot craps, and place bets against each other on the outcome of these activities. Federal authorities, who at the time were investigating official corruption, became aware of the gambling operation following attempts to bribe St. Louis police officers to obtain protection from raids.

Four years later, in May of 1984, a three-count indictment was returned against Mil-

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

ler and two other defendants.[1] Miller was acquitted on Counts I and III, and only Count II is at issue in this appeal. Count II, in its entirety, provided:

The Grand Jury further charges:

That beginning on or about December, 1979, the exact date unknown, and continuing through on or about May 23, 1980, in the State of Missouri, within the Eastern District of Missouri, the defendants, CLARENCE MILLER, a/k/a "Scrappy", JAMES RICHARDSON, a/k/a "Chocolate", and ALVERY WILLIAMS, conducted, financed, managed, supervised, directed and owned all or parts of an illegal gambling business, as defined in Title 18, United States Code, Section 1955(b). In violation of Title 18, United States Code, Section 1955.

Section 1955 provides, in relevant part, as follows:

(a) Whoever conducts, finances, manages, supervises, directs or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

(b) As used in this section—

(1) "illegal gambling business" means a gambling business which—

(i) is a violation of the law of a State or political subdivision in which it is conducted;

(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.

Miller contends that none of the three elements of an illegal gambling business was properly alleged in the indictment. The Government argues that these elements were incorporated by the indictment's reference to section 1955, and that the failure to state in the indictment the statutory definition of an illegal gambling business and the particular state law involved amounted to an omission "of form" only, rather than "of substance."

The Government relies for its argument on *United States v. Czeck*, 671 F.2d 1195 (8th Cir.1982). In *Czeck*, the indictment charged the defendants with assault of "Special Agent Paul Zamzow ... in violation of Title 18, United States Code, Sections 111, 1114, and 2." Section 111 prohibits the assault of "any person designated in section 1114...." Section 1114 provides that special agents of the Bureau of Alcohol, Tobacco and Firearms (BATF) are within the scope of section 111. Paul Zamzow was a special agent with the BATF.

The defendants in *Czeck* argued that the indictment failed to allege that a *federal* officer had been the victim of the assault. The court held that the term "Special Agent" in the indictment coupled with the citation to the federal statute made it clear a federal officer had been assaulted. *Id.* at 1197. The alleged deficiency was "of form" only, and the indictment sufficiently stated all the elements "of substance" necessary to the charge. *Id.*

The court in *Czeck* relied upon *United States v. Camp*, 541 F.2d 737 (8th Cir. 1976), the leading case in this circuit on the question of sufficiency of an indictment. In *Camp*, the word "forcibly" was omitted from an indictment returned under a statute which began: "Whoever forcibly assaults, resists, opposes...." The court concluded that the omission required reversal of the conviction because force was an essential element of the offense in question. *Id.* at 739.

[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment

---

1. The charges against defendant Richardson were dropped on the morning of trial. Defendant Williams was acquitted on all three counts.

set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'

*Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (citations omitted).

In addition to notice and double jeopardy, an indictment also serves to protect a defendant's Fifth Amendment right to be tried upon charges found by a grand jury. *Camp,* 541 F.2d at 740. "Only the words of the indictment give evidence of whether the grand jury considered and included within the offense charged the essential element of force." *Id.* For this reason, the indictment in *Camp* was not saved by the bill of particulars provided the defendant, nor by the fact that the trial judge correctly instructed the jury that force was an essential element of the crime charged, nor by the reference in the indictment to the statutes in question, 18 U.S.C. sections 111 and 1114. Merely stating that an act is "in violation of" a statute, the *Camp* court observed, does nothing to describe the act and is of scant help in deciding whether the grand jury actually considered each element of the offense charged. *Id.*

In light of these authorities, we conclude that the particular state statute alleged to have been violated is an essential and substantive element of a violation of 18 U.S.C. section 1955. Other than the requirements of five persons and of 30 days or $2,000, the elements of a Section 1955 violation are actually contained in the underlying state law alleged to have been transgressed. Thus, the indictment's reference to Section 1955 did not inform Miller of the crime with which he was charged. An allegation that some state statute has been violated does not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling,* 418 U.S. at 117, 94 S.Ct. at 2907.

The indictment contained no assurance that the grand jury deliberated on the elements of any particular state offense. It is true, as the Government points out, that Count I of the indictment referred to Sections 572.020 and 572.040 of the Missouri Revised Statutes in connection with a charge of conspiracy to obstruct the enforcement of the criminal laws of that State. It is well-settled, however, that each count of an indictment "must stand on its own, and cannot depend for its validity on the allegations of any other count not specifically incorporated." *United States v. Fulcher,* 626 F.2d 985, 988 (D.C.Cir.), *cert. denied,* 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980); *United States v. Huff,* 512 F.2d 66, 69 (5th Cir.1975). Count II of the indictment here did not incorporate the language of Count I.

Moreover, the indictment lacked even a description of the activities forming the basis for the charge. For instance, in *United States v. Sanabria,* 548 F.2d 1 (1st Cir.1976), *rev'd on other grounds,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), the one-count indictment charged the defendants with "accepting, recording and registering bets and wagers on a pari-mutual [sic] number pool and on the result of a trial and contest of skill, speed, and endurance of beast ... a violation of the laws of the Commonwealth of Massachusetts, to-wit, M.G.L.A. Chapter 271, Section 17 ...." *Id.* at 3. The cited statute prohibited only the horse race betting and not the numbers activity. Nevertheless, the First Circuit held that the indictment sufficiently apprised the defendants that numbers activity was a basis upon which the government sought to impose criminal liability under 18 U.S.C. section 1955. *Id.* at 4. The indictment in the case at bar contained no hint of the acts for which Miller was being indicted. *See also United States v. Morrison,* 531 F.2d 1089, 1093–94 (1st Cir.), *cert. denied,* 429 U.S. 837, 97 S.Ct. 104, 50 L.Ed.2d 103 (1976).

The Government's reliance on *United States v. Marrifield,* 515 F.2d 877 (5th Cir.1975), *cert. denied,* 423 U.S. 1021, 96 S.Ct. 461, 46 L.Ed.2d 394 (1975), is mis-

placed. Unlike the instant case, the indictment there described the conduct in question as the operation of "a business for placing bets on dice and cards." *Id.* at 883. The indictment also stated the title and section of the state law alleged to have been violated. *Id.*

In sum, we conclude the indictment was insufficient under the standards of *Hamling* and *Camp,* and are therefore compelled to reverse Miller's conviction. We do not reach the other issues raised by Miller and intimate no view with respect to their merits.