UNITED STATES of America, Appellee,

v.

Russell ZANGGER, Appellant.

No. 87–1657.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1988.

Decided June 10, 1988.

Robert G. Fite, Brookings, S.D., for appellant.

Lester A. Paff, Asst. U.S. Atty., Sioux City, Iowa, for appellee.

Before McMILLIAN, ARNOLD and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Russell Zangger appeals his jury conviction for mailing obscene matter in violation of 18 U.S.C. § 1461.

This case involves correspondence between Zangger, a sixty-five-year-old married man, and Jolene Edwards, a person whom Zangger believed was a twenty-nine-year-old mother of two. Among other items, Zangger mailed Edwards a videotape that contained a self-narrated segment showing Zangger masturbating. Unbeknownst to the amorous Zangger, the captivating object of his fantasy, Jolene, was the undercover identity of a male United States Postal Inspector. This videotape is the basis of Zangger's conviction under section 1461.

Zangger argues on appeal that his motion to dismiss the section 1461 count of the indictment should have been granted because this count omits an essential element of the charge brought against him—that the mailed matter be "obscene." *See* 18 U.S.C. § 1461. The disputed portion of the indictment under which Zangger was charged provides as follows:

> The Grand Jury further charges that on or about July 3, 1986, * * * RUSSELL ZANGGER did knowingly and willingly enter into the United States Mails * * * an envelope addressed to Jolene Edwards, * * * which envelope contained visual depictions of RUSSELL ZANGGER masturbating. Such depiction is in violation of Title 18, United States Code, Section 1461.

Zangger contends that without specific reference to the word obscene, "the wording of the indictment contains no assurance that the grand jury deliberated or even considered whether the videotape containing the depiction of the masturbation was obscene."

Zangger moved before trial to dismiss the section 1461 count on this basis, and he renewed this motion following the jury's verdict. The district court denied Zangger's motions. In doing so, the court reasoned that although the count did not state any of the descriptive terms in section 1461, it identified the nature of the objectionable conduct depicted on the videotape and charged that the manner in which the conduct was depicted violated the statute.

Zangger's challenge to the sufficiency of the indictment is a question of law that we review de novo. *United*

*States v. Givens*, 767 F.2d 574, 584 (9th Cir.), *cert. denied*, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974); *see also United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir.1988); Fed.R.Crim.P. 7(c)(1). The indictment may set out the elements in the words of the statute itself, if " 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' " *Hamling*, 418 U.S. at 117, 94 S.Ct. at 2907–08 (quoting *United States v. Carll*, 105 U.S. (15 Otto) 611, 612, 26 L.Ed. 1135 (1882)). It is not necessary, however, for "a particular word or phrase to appear in the indictment when the element is alleged 'in a form' [that] substantially states the element." *Mallen*, at 1102; *see also United States v. Czeck*, 671 F.2d 1195, 1197 (8th Cir.1982). If an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute. *See United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir.1988) (en banc); *United States v. Hooker*, 841 F.2d 1225, 1227–28 (4th Cir.1988) (en banc); *United States v. Camp*, 541 F.2d 737, 740–41 (8th Cir.1976).

Applying these principles for testing the sufficiency of indictments, we conclude the section 1461 charge against Zangger is insufficient. There is no dispute the tape's obscenity is an essential element of the offense. It is also clear mere reference to section 1461 does not bring the obscenity element into the indictment. *See Pupo*, 841 F.2d at 1239; *Hooker*, 841 F.2d at 1227–28; *Camp*, 541 F.2d at 739–41. The indictment here defines the crime charged as mailing a videotape showing Zangger masturbating. To charge an offense recognizable under section 1461, however, the indictment must also assert the videotape was obscene, either by specifically referring to that word or to any "words of similar import." *See Pupo*, 841 F.2d at 1239. Zangger's masturbation is not unlawful under the statute; instead, its obscene quality makes it so. *See Miller v. California*, 413 U.S. 15, 25, 93 S.Ct. 2607, 2615–16, 37 L.Ed.2d 419 (1973). Because the "statutory citation [appearing in Zangger's indictment] does not ensure that the grand jury has considered and found all essential elements of the offense charged," *see Pupo*, 841 F.2d at 1239, the indictment violates Zangger's fifth amendment right to be tried on charges found by a grand jury, *see Camp*, 541 F.2d at 740.

In a related argument, Zangger contends the section 1461 count of the indictment should have been dismissed because the prosecutor presenting the case did not instruct the grand jury on the "applicable law" of obscenity. We disagree. The prosecutor is under no obligation to give the grand jury legal instructions. *See United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir.), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956) (footnote omitted).

In view of our determination the indictment here is insufficient, we vacate Zangger's conviction and sentence on the section 1461 count and remand to the district court with instructions to dismiss this count. This dismissal is without prejudice to the government to reindict and to reprosecute Zangger if it chooses.