**UNITED STATES of America, Plaintiff,**

**v.**

**Oleg DEYCH, Volodymyr Zyuz, and Inessa Vatman, Defendants.**

**Case No. 4:16CR66 RLW (JMB)**

United States District Court, E.D. Missouri, Eastern Division.

Signed 04/18/2017

Kenneth R. Tihen, Richard E. Finneran, Office of U.S. Attorney, St. Louis, MO, for Plaintiff.

St. Louis Fed Public Defender, Federal Public Defender, St. Louis, MO, for Defendants.

## MEMORANDUM AND ORDER

RONNIE L. WHITE, UNITED STATES DISTRICT JUDGE

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge John M. Bodenhausen (ECF ·No. 322). Defendant Oleg Deych filed a Motion to Dismiss Counts Six, Nine, and Eleven of the Indictment (ECF No. 292); Defendant Volodymyr Zyuz filed a Motion to Dismiss Counts Nine and Eleven of the Indictment (ECF No. 199); and Defendant Inessa Vatman filed a Motion to Dismiss Counts Four and Fourteen of the Indictment (ECF No. 277) (collectively "Defendants' Motions to Dismiss"). In response, the government filed a single Memorandum in Opposition to Defendants' Motions to Dismiss (ECF No. 319). The Defendants did not file replies to the government's memorandum, and the parties did not request oral argument or a hearing on the Motions to Dismiss.

Pursuant to 28 U.S.C. § 636(b), these matters were referred to United States Magistrate Judge John M. Bodenhausen, who filed a Report and Recommendation on March 29, 2017. The Magistrate Judge recommends that Defendants' Motions to Dismiss be granted. None of the parties has filed objections or otherwise responded to the Report and Recommendation. After de novo review of this matter, this Court adopts the Magistrate Judge's recommendation.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 322) is SUSTAINED, ADOPTED, AND INCORPORATED herein.

IT IS FURTHER ORDERED that Counts Four, Six, Nine, Eleven, and Fourteen of the Indictment are DISMISSED only as to Defendants Oleg Deych, Yolodymyr Zyuz, and Inessa Vatman.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]

JOHN M. BODENHAUSEN, UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on pretrial motions filed on behalf of three de-

1. Pretrial matters, including any motions to dismiss, have been referred to the under-

fendants in the above-captioned action. More specifically, Defendant Oleg Deych filed a Motion to Dismiss Counts Six, Nine, and Eleven of the Indictment (ECF No. 292); Defendant Volodymyr Zyuz filed a Motion to Dismiss Counts Nine and Eleven of the Indictment (ECF No. 199); and Defendant Inessa Vatman filed a Motion to Dismiss Counts Four and Fourteen of the Indictment (ECF No. 277).[2] The three motions to dismiss raise identical legal challenges. Accordingly, the undersigned will refer to the motions collectively as Defendants' Motions to Dismiss, and to the above-named defendants collectively as Moving Defendants. The government filed a single Memorandum in Opposition to Defendants' Motions to Dismiss. (ECF No. 319) There have been no replies filed to the government's Memorandum in Opposition, and no party requested oral argument or indicated a need for any hearing to resolve Defendants' Motions to Dismiss. For the reasons outlined below, the undersigned recommends that Defendants' Motions to Dismiss be granted.

## BACKGROUND AND SUMMARY OF ISSUES PRESENTED

On February 18, 2016, the Grand Jury returned a multi-count indictment against fourteen defendants. Broadly speaking, the Indictment charges the defendants with participating in a conspiracy to traffic in contraband cigarettes and associated money laundering transactions. (See Indictment Count One) In Count One, the government alleges that the conspirators purchased cigarettes in Missouri and Georgia and then transported those cigarettes to New York, where they were sold without paying the higher New York cigarette tax. (Id.)

signed United States Magistrate Judge, under 28 U.S.C. § 636(b).

The Indictment also charges certain individual defendants with the substantive crime of trafficking in contraband cigarettes, in violation of 18 U.S.C. § 2342(a). More specifically, Moving Defendants are charged with aiding and abetting the commission of a violation of 18 U.S.C. § 2342(a), punishable under § 2344(a). Defendants' Motions to Dismiss are directed at several of these substantive charges.

As relevant to the present dispute, 18 U.S.C. § 2342 identifies certain unlawful acts related to trafficking in contraband cigarettes, and 18 U.S.C. § 2344(a) specifies the penalties for violating § 2342. The counts at issue each charge a violation of § 2342(a), which provides that—

> It shall be unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco.

Section 2341(2) defines "contraband cigarettes" as follows:

> the term "contraband cigarettes" means a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes . . . .

(emphasis supplied). Moving Defendants contend that Counts Four, Six, Nine, Eleven, and Fourteen each fail to state a crime. The focus of their argument is the term "contraband cigarettes." (See, e.g., ECF No. 199 at ¶ 3)

**2.** The remaining defendants in this matter elected not to file any motions directed at the sufficiency or legality of the Indictment.

Count Four is illustrative of the counts at issue and reads as follows:

On or about August 4, 2015, within the Eastern District of Missouri and elsewhere:

INESSA VATMAN,

the defendant herein, did aid and abet the commission of the offense. of knowingly shipping, transporting, receiving, possessing, selling, distributing, and purchasing contraband cigarettes by purchasing 210 cartons of Missouri tax stamped cigarettes at the S.C. store in St. Louis County, Missouri.

All in violation of Title 18, United States Code, Sections 2342(a), 2344(a), and 2.

(ECF No. 1, Indictment Count Four) Count Six charges Oleg Deych with a similar offense occurring on August 17, 2015. Counts Nine and Eleven charge Volodymyr Zyuz and Oleg Deych with similar offenses occurring on October 1, 2015 and November 3, 2015, respectively. Count Fourteen charges Inessa Vatman with a similar offense occurring on December 20, 2015.

Moving Defendants contend that Counts Four, Six, Nine, Eleven, and Fourteen each fail to state a crime because, on the dates alleged, Moving Defendants purchased cartons of cigarettes in Missouri bearing Missouri tax stamps which were then found in Missouri. Therefore, no crime is alleged because, at the time, no crime had yet occurred. Per Moving Defendants, Counts Four, Six, Nine, Eleven, and Fourteen do not meet the minimum standard of Rule 7(c)(1).

■ The government submits that Defendants' Motions to Dismiss must be denied. According to the government, Moving Defendants' arguments fail to address the fact that the counts at issue charge Moving Defendants with aiding and abetting, not a substantive offense. In particular, the government contends that "[i]f

Movants had been charged with substantive counts of possession of contraband cigarettes, their arguments might have more force. But 'those who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime.'" (ECF No. 319 at 1–2, quoting Rosemond v. United States, — U.S. —, 134 S.Ct. 1240, 1245, 188 L.Ed.2d 248 (2014)) According to the government, "[t]he indictment charges Movants not with possessing contraband cigarettes, but with aiding and abetting the future transportation, possession, and sale of contraband cigarettes." (Id. at 2). The gist of the government's position is that the purchase of the cigarettes in Missouri was a necessary part of the trafficking in contraband cigarettes, and that the government need not allege that Moving Defendants participated in every element of the substantive offense of trafficking in contraband cigarettes. (See id. at 3, citing Rosemond, 134 S.Ct. at 1246)

Thus, the question must be resolved herein is whether Counts Four, Six, Nine, Eleven, and Fourteen allege all of the essential elements necessary to charge Moving Defendants with aiding and abetting violations of § 2342(a). The undersigned concludes that, although the contested counts allege the elements of aiding and abetting generally, they do not allege all of the essential elements of the substantive offense of trafficking in contraband cigarettes, in violation of § 2342(a).

As explained below, unlike conspiracy, aiding and abetting is not a standalone crime. Rather, aiding and abetting is a theory of liability for a substantive offense. Thus, to allege a violation on an aiding and abetting theory, an indictment must sufficiently allege the substantive violation aided and abetted. The contested counts herein do not, in the undersigned's opinion,

allege a substantive violation of § 2342(a) because, inter alia, they do not allege or suggest by necessary implication where, how, or even when the cigarettes in question ever became contraband cigarettes.

## LEGAL ANALYSIS AND DISCUSSION

Under the Sixth Amendment to the Constitution, a criminal defendant has "the right ... to be informed of the nature and cause of the accusation." This right is reflected in Fed. R. Crim. P. 7(c)(1), which provides—

**In General.** The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated....

 "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Steffen, 687 F.3d 1104, 1109 (8th Cir. 2012) (citations and quotations omitted); see also Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Indictments are not reviewed "in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the

offense.'" United States v, O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998) (quoting United States v. Morris, 18 F.3d 526, 568 (8th Cir. 1994)). An indictment is insufficient on its face if a substantive essential element is omitted. See United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008). "If an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute." United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988); see also O'Hagan, 139 F.3d at 651 (quoting Zangger). Finally, "[i]t is well-settled, however, that each count of an indictment must stand on its own, and cannot depend for its validity on the allegations of any other count not specifically incorporated." United States v. Miller, 774 F.2d 883, 885 (8th Cir. 1985) (citations and quotations omitted). See also United States v. Schmitz, 634 F.3d 1247, 1262 (11th Cir. 2011); United States v. Redcorn, 528 F.3d 727, 734–35 (10th Cir. 2008) ("There is no need to look beyond the borders of a particular count to determine what offense is charged; indeed, it is generally improper to do so except where a count incorporates other allegations expressly, as permitted by Federal Rule of Criminal Procedure 7(c)(1)."); United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1994).

 The counts at issue in Defendants' Motions to Dismiss allege criminal liability on an aiding and abetting theory. Title 18, United States Code, Section 2(a) provides— "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." Aiding and abetting the commission of an offense "is not a separate crime but rather is linked to the underlying offense and shares the requisite intent of the offense." United States v. Roan Eagle, 867 F.2d 436, 436 (8th Cir. 1989) (emphasis

supplied). Stated differently, aiding and abetting is a theory of criminal liability, but there can be no aiding and abetting without an underlying criminal offense.[3] "It therefore follows that an indictment that merely alleges a violation of section 2 is inadequate. If a section 2 violation is alleged, some other substantive crime must be described as well." United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986) (citations omitted). As will be explained below, although the challenged counts mention trafficking in contraband cigarettes, they do not actually "describe" where, how, or when that offense may have occurred. The challenged counts cannot be saved by reference to allegations in the introduction or Count One because none of those allegations have been specifically incorporated by reference into the challenged counts. See Miller, 774 F.2d at 885.

while not binding authority, the Eighth Circuit model jury instructions recommend a clarifying instruction when submitting an aiding and abetting theory to a jury. Model Instruction 5.01 provides, in relevant part:[4]

> For you to find the defendant guilty of [trafficking in contraband cigarettes] by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of [trafficking in contraband cigarettes] were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

See Manual of Model Jury Instructions—Criminal (2014) at 5.01. Thus, in order to charge a defendant with violating a substantive crime on an aiding and abetting theory, an indictment must allege all of the essential elements of the substantive offense, in this case trafficking in contraband cigarettes in violation of 18 U.S.C. § 2341(a). See Roan Eagle, 867 F.2d at 445.

The government correctly states that, "[a]iding and abetting liability arises whenever a defendant '(1) takes an affirmative act in furtherance of [an] offense, (2) with the intent of facilitating the offense's commission.'" (ECF No. 319, Gov't Opposition at 3, quoting Rosemond, 134 S.Ct. at 1245 (alteration by government)) The government also correctly states that acts which are antecedent to the commission of an offense, and which are done in preparation for the commission of the offense, satisfy the aiding and abetting standard. (Id. at 4, citing United States v. Hernandez, 986 F.2d 234, 239 (8th Cir. 1993)) But there must also be an offense that has been aided and abetted for liability to attach. The counts at issue in Defendants' Motions to Dismiss identify antecedent acts, but not all of the essential elements of the offense committed—trafficking in contraband cigarettes.

Count Four serves as an example of the undersigned's concern. Count Four no doubt alleges that Defendant Vatman committed an act that could be antecedent to a

---

**3.** The Supreme Court's decision in Rosemond, upon which the government substantially relies, did not change the principle that aiding and abetting is not itself a separate crime. Rather, Rosemond addressed narrower questions of when a defendant acts to further a compound crime, such as 18 U.S.C. § 924(c), and when such a defendant intends to further its commission. See 134 S.Ct. at 1245. If Rosemond intended to establish a standalone crime of aiding and abetting, and

overrule a substantial volume of precedent, it did so sub silentio.

**4.** By referring to jury instructions, the undersigned is not suggesting that the government must meet its burden of proof or any burden of production in order to survive a challenge to the sufficiency of an indictment. Rather, the jury instruction is used to demonstrate that, absent a completed substantive offense, there can be no liability on an aiding and abetting theory.

violation of 18 U.S.C. § 2342(a), namely purchasing 210 cartons of Missouri tax stamped cigarettes in the Eastern District of Missouri. Purchasing 210 cartons of cigarettes in Missouri, without more, does not violate § 2342(a). The cigarettes Defendant Vatman purchased in Missouri were not "contraband cigarettes" within the definition of § 2341(2) while they were in Missouri. Thus, Defendant Vatman's purchase has the potential to become a step towards the completion of a violation of § 2342(a), in New York or perhaps elsewhere. Yet Count Four does not allege where, when, or how purchasing those 210 cartons of cigarettes in Missouri aided and abetted a violation of § 2342(a). Was it in New York and, if so, when? Defendant Vatman is left to speculate because a completed violation of § 2342(a) is not alleged on the face of Count Four.

The government argues that "[b]y purchasing cigarettes in Missouri with the knowledge and intent that those cigarettes would be transported to New York and sold without proper tax stamps, Movants 'understood' that their confederates were 'acting contrary to the law' and nonetheless 'actively helped facilitate that unlawful conduct.'" (ECF No. 319 at p. 5, quoting United States v. Frison, 825 F.3d 437, 443 (8th Cir. 2016)) The government correctly contends that, at this pretrial stage, the Court need "merely assess whether the Indictment meets the low bar of Federal Rule of Criminal Procedure 7(c)(1) by including 'all of the essential elements of the offense charged.'" (Id., quoting Steffen, 687 F.3d at 1109) But the counts at issue do not allege all of the essential elements of the offense of trafficking in contraband

cigarettes, and they do not incorporate by reference any allegations that might reasonably cure the defect.

Regarding elements, no party has cited any authority setting forth the elements necessary to establish a violation of trafficking in contraband cigarettes in violation of § 2342(a). In order to violate § 2342(a) on an aiding and abetting theory, by definition there must be a substantive violation of § 2342(a).[5] The Seventh Circuit and at least two district courts have identified four elements necessary to prove a violation of § 2342(a). According to these courts, in order to violate § 2342(a), a party must:

> (1) knowingly "ship transport, receive, possess, sell, distribute, or purchase" (2) more than 10,000 cigarettes, (2) that do not bear tax stamps (4) under circumstances where state or local law requires the cigarettes to bear such stamps.

United States v. Parry, 2015 WL 631979, at *12 (W.D. Mo. Feb. 13, 2015) (quoting City of New York v. Golden Feather Smoke Shop, Inc., 2011 WL 6945758 (E.D.N.Y. Dec. 30, 2011)). See also United States v. Mohamed, 759 F.3d 798, 804 (7th Cir. 2014). As Moving Defendants note, 18 U.S.C. § 2341(2) defines the term "contraband cigarettes" in terms of State or local law. Therefore, regardless of how one identifies the essential elements, in order to allege a violation of § 2342(a), the indictment must allege where or how the cigarettes became contraband because relevant State or local law is essential. See, e.g., Parry, 2015 WL 631979, at *10–11 (outlining counts charging defendants

---

**5.** Ironically, an indictment is not required to allege the elements necessary to support an aiding and abetting theory of liability, and need not even mention aiding and abetting or 18 U.S.C. § 2. See, e.g., United States v. Garrison, 527 F.2d 998, 999 (8th Cir. 1976). In fact, an indictment need not even state the

manner in which a defendant allegedly aided and abetted the commission of the substantive offense. See id. The converse is not true; the undersigned has found no law to support the theory that charging aiding and abetting is sufficient without also alleging the essential elements of the offense aided and abetted.

therein with aiding and abetting a violation of § 2342(a)).

The counts at issue do not allege where or how (or when for that matter) the cigarettes purchased in Missouri became contraband cigarettes for purposes of § 2342(a) liability. Which State or local law is at play in the counts at issue? Did these cigarettes make it to New York? Were they seized in transit like some of the cigarettes described in Count One? In this regard, the challenged counts are silent. Even though the introduction and Count One in the Indictment outline a conspiracy focused on transporting cigarettes to New York, the counts at issue do not mention New York, and one cannot reasonably say that the counts at issue, by necessary implication, allege a completed violation in New York or elsewhere. The only state mentioned in the challenged counts is Missouri.

Again, the alleged violations of § 2342(a) could not have been completed in Missouri because the cigarettes were not contraband while found in Missouri. The government mentions that Moving Defendants intended for the cigarettes to be transported to New York. But the challenged counts never mention (or incorporate by reference) facts related to New York or any State or locality where the cigarettes became contraband cigarettes, and, therefore where a charged offense was completed. Similarly, the alleged violations of § 2342(a) could not have occurred on the dates alleged because the cigarettes were not yet contraband on those dates.[6] Thus, contrary to the government's arguments, the undersigned concludes that the challenged counts do not allege each of the essential elements to state a completed violation of § 2342(a).

■■■■■ If accepted, the government's position would convert aiding and abetting into a crime separate and apart from the completed offense. And in this specific case, the government's position has the effect of criminalizing an act in furtherance of a conspiracy without requiring the government to allege each of the essential elements of a conspiracy or each element of the completed offense of trafficking in contraband cigarettes. (Compare Count Four with Count One ¶ 41) In a conspiracy, it is the agreement itself that is illegal; a completed crime is not required. See Iannelli v. United States, 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) ("explaining that [c]onspiracy is an inchoate offense, the essence of which is an agreement" to commit a crime); see also United States v. Lopez–Arce, 267 F.3d 775, 781 (8th Cir. 2001) (quoting Iannelli). Similarly, wholly innocent conduct may serve as an act in furtherance of a conspiracy. See United States v. Hermes, 847 F.2d 493, 495–96 (8th Cir. 1988) (citation omitted). But as repeatedly stated herein, aiding and abetting is not, by itself, a crime. Only aiding abetting a completed offense (or an attempt if the relevant statute authorizes prosecutions for attempt)[7] is a crime.

---

6. Although the exact date on which a crime occurred is not a material element of an offense, the counts at issue do not allege any date on which the completed crime of trafficking in contraband cigarettes occurred. See United States v. Youngman, 481 F.3d 1015, 1019 (8th Cir. 2007) (explaining that "[t]he use of on or about in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified") (quotations and citations omitted).

7. There is no indication within its text that § 2342(a) encompasses attempts to traffic in contraband cigarettes, and the government has not alleged an attempted violation of § 2342(a).

Furthermore, as alleged, the counts at issue in Defendants' Motions to Dismiss arguably do not "allege[ ] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." Steffen, 687 F.3d at 1109. Again, Count Four serves as an adequate example. Count Four gives Defendant Vatman no indication where, when, or how any or all of those 210 cartons of cigarettes became contraband cigarettes and, perhaps, the subject of a criminal prosecution under § 2342(a). If Defendant Vatman is forced to defend Count Four and is later charged in New York (or elsewhere) for violating § 2342(a), she may not be able to plead her acquittal or conviction on Count Four in this case as a bar to a subsequent prosecution in a later case.

▊▊▊▊ Another example involving Defendant Vatman concerns the fact that she is also charged in Count Fourteen with aiding and abetting a violation of § 2342(a). The only difference between Counts Four and Fourteen is the date alleged. Count Four alleges that Defendant Vatman purchased 210 cartons of Missouri tax stamped cigarettes in Missouri on August 4, 2015, and Count Fourteen alleges that she purchased 210 cartons of Missouri tax stamped cigarettes in Missouri on December 20, 2015. These two sets of 210 cartons could later become part of a single completed violation of § 2342(a), or perhaps two or more completed violations of § 2342(a).[8] On the face of the Indictment, Defendant Vatman can only speculate as to whether she faces a risk of two punishments for a single crime because Counts Four and Fourteen never allege any completed violations of § 2342(a). Because Counts Four and Fourteen do not advise her when, where, or how a substantive violation of § 2342(a) occurred, Defendant Vatman must guess as to whether Counts Four and Fourteen are multiplicitous.[9]

Finally, the governments Memorandum in Opposition also refers to United States v. Frison, 825 F.3d 437 (8th Cir. 2016), which addressed an issue of aiding and abetting. The undersigned will take judicial notice of the First Superseding Indictment filed in Frison. (See United States v. Frison, 4:13 CR 231 RWS, ECF No. 36) There are, no doubt, some similarities between Frison and the instant matter. For example, like the instant case, the indictment in Frison included a conspiracy count (Count One), as well as substantive counts

---

**8.** For example, if the two sets of cigarettes were combined and transported to New York (or elsewhere) together, then it would seem that only one violation of § 2342(a) could be alleged, even though Defendant Vatman had performed two antecedent acts that aided and abetted the violation. Under the government's theory, a defendant could be convicted of multiple counts of aiding and abetting where only a single substantive offense occurred. The other moving defendants face the same problem.

**9.** "An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005); see also United States v. Sandstrom, 594 F.3d 634, 651 (8th Cir. 2010) (quoting same). "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeop-ardy Clause, which 'protects against multiple punishments for the same offense.' " United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)). "Where ... an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." Id. (citing Chipps, 410 F.3d at 447). "A unit of prosecution is 'the aspect of criminal activity that Congress intended to punish.' " Id. (quoting Chipps, 410 F.3d at 448).

In this case, Counts Four and Fourteen do not advise Defendant Vatman of a unit of prosecution to consider. Thus, she arguably cannot protect herself from separate punishments for the same offense.

brought on an aiding and abetting theory (Counts Two and Three). Each of the substantive counts in Frison, however, alleged a completed offense.[10] Although the government was not required to allege an aiding and abetting theory in the Frison indictment, it did so. The counts at issue herein do not allege all of the essential elements a completed offense.

## CONCLUSION

In their present form, Counts Four, Six, Nine, Eleven, and Fourteen do not fairly inform Moving Defendants of the charges against them and do not permit them to plead an acquittal or double jeopardy as a bar to any future prosecution. See Steffen, 687 F.3d at 1109. In order to state an offense trafficking in contraband cigarettes on an aiding and abetting theory, the challenged counts must allege each of the essential elements necessary to establish a violation of § 2342(a). The challenged counts do not allege where, how, or approximately when the cigarettes became contraband. Therefore, Counts Four, Six, Nine, Eleven, and Fourteen should be dismissed.

For the reasons set forth above, the undersigned recommends that Defendants' Motions to Dismiss be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendants' Motions to Dismiss (ECF Nos. 199, 277, 292) be **GRANTED** and Counts Four, Six, Nine, Eleven, and Fourteen be dismissed.

10. For example, Count Two in Frison alleged—

Between on or about January 27, 2012 and on or about June 22, 2012, within the Eastern District of Missouri, JACK FRISON, SR., the defendant herein, during any 180-day period, did aid and abet others known and unknown to the Grand Jury who willfully and for the purpose of private financial gain infringed the copyright of one or more

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

A trial date will be set upon the completion of all pretrial proceedings.

copyrighted works; to wit, by reproducing and distributing at least ten (10) copies of copyrighted works, including DVD copies of movies, the copyrighted works having a total retail value of more than $2,500.

In violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Sections 2319(b)(1) and 2.

(See Frison, Case No. 4:13 CR 231 RWS, ECF No. 36 at p. 9)