_____

No. 95-1692
_____

United States,                        *
                                      *
          Appellee,                   *
                                      *
      v.                              *    Appeal from the United States
                                      *    District Court for the
Steve Just,                           *    Eastern District of Missouri
                                      *
          Appellant.                  *

_____

Submitted:    December 12, 1995

Filed:    February 5, 1996
_____

Before MAGILL, GOODWIN,* and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


     Steve Just appeals from his conviction for illegal possession
and transfer of a machinegun in violation of 18 U.S.C. § 922(o).
On appeal he argues that the indictment failed to allege an
essential element of the charged offense and that the district
court[1] erred in its evidentiary rulings.  We affirm.


     In May 1993 the Missouri State Highway Patrol received
information from a confidential informant that Steve Just had a
fully automatic machinegun for sale.  An investigation was
initiated, and the Bureau of Alcohol, Tobacco and Firearms (ATF)

_____

     *The HONORABLE ALFRED T. GOODWIN, United States Circuit
     Judge for the Ninth Circuit, sitting by designation.

     [1]The Honorable Catherine D. Perry, United States District
Judge for the Eastern District of Missouri.

was contacted for assistance. On May 13, 1993, Michael Cooper, an undercover officer, met with Just at his residence to inspect the weapon. The informant and an individual named Douglas Ehler were also present during the meeting. Just brought out a Japanese Type 99, 7.7 caliber gun that was stored in a guitar case and was broken down into a number of pieces. After Just assembled the weapon, Cooper negotiated a deal and purchased it for $700.00. Prior to turning over the gun, Just wiped his fingerprints from it with a rag. The transaction was recorded by a surveillance team of ATF agents.

Just was indicted by a grand jury, and the case went to trial before a jury. Just argued that the gun he sold was not a "machinegun" as defined by the statute because it was an inoperable artifact. Expert witnesses for each side testified on that issue, and there was evidence that ammunition was available for the gun, that it had been field tested, and that it had the capacity to fire as a fully automatic weapon although it malfunctioned after two shots. The jury also heard the recording of the entire transaction between Just and Cooper. Just was convicted.

Just now argues that the indictment was insufficient because it failed to allege that the machinegun was unregistered, which he claims is an essential element of the charged crime. He asserts that the indictment thus failed to invoke the jurisdiction of the district court and that his Fifth Amendment rights were violated. A challenge to the sufficiency of an indictment is reviewed de novo.

As a general rule an indictment is sufficient if it "first, contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution." Hamling v. United States, 418 U.S. 87, 117 (1974).

2

Just did not file a motion to dismiss the indictment before trial, but waited until the close of the government's evidence to move to dismiss. Although the sufficiency of an indictment is a jurisdictional issue that may be raised at any time, an indictment that is challenged after jeopardy has attached will be liberally construed in favor of sufficiency. United States v. Lucas, 932 F.2d 1210, 1218 (8th Cir. 1991). The indictment will then be upheld unless it is "so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted." Id. (quoting United States v. Czeck, 671 F.2d 1195, 1197 (8th Cir. 1982).

The indictment charged Just with knowing possession and transfer of a machinegun, described the specific facts and circumstances supporting the charge, and cited to 18 U.S.C. § 922(o).[2] Although citation to the charging statute does not necessarily cure the omission of an essential element of the offense, United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988), in this case there is sufficient information provided in the indictment to inform Just of the charges against him. The indictment is not so defective that it cannot be reasonably construed to charge a violation of § 922(o).

Moreover, we are not persuaded that non-registration of a machinegun is an element of a § 922(o) offense. The statute provides:

---

[2]The indictment charges that "[o]n or about May 13, 1993," Just "did knowingly possess and transfer a machine gun, to wit: a Japanese, Type 99, 7.7 Japanese caliber machine gun, bearing serial number 10224. In violation of Title 18 United States Code, Section 922(o) and punishable under Title 18, United States Code, Section 924(a)(2)."

3

(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.

(2) This subsection does not apply with respect to --

(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or

(B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

18 U.S.C. § 922(o). The exceptions contained in part (2) of the subsection establish affirmative defenses to the defined offense. They are not elements of the offense that must be charged in the indictment. See McKelvey v. United States, 260 U.S. 353, 357 (1922). Just could have defended against the charge by showing that he lawfully possessed the machinegun prior to the enactment of the statute on May 19, 1986 and that he lawfully transferred it to Officer Cooper. This would have required proof that the weapon was registered in the National Firearms Register and Transfer Record, but that does not convert lack of registration to an element of the offense or require the government to prove it where the appropriate defense was not raised.

The jury in this case was in fact instructed that the government was required to establish not only that Just knowingly transferred a machinegun, but also that the machinegun was not registered. Just suggests that the jury may have been confused because the instruction was inconsistent with the elements stated in the indictment. Although the government offered the instruction at trial, it now argues that it was not an accurate statement of the elements of a § 922(o) charge. The instruction created an additional burden for the government, not for Just. Any error in its submission to the jury was therefore harmless.

Just also argues that the district court abused its discretion

4

by admitting certain evidence.  A trial court has broad discretion to determine both the relevance of evidence and whether its probative value outweighs the danger of unfair prejudice.  <u>United States v. Hernandez-Cuartas</u>, 717 F.2d 552, 554 (11th Cir. 1983).

First, Just challenges as irrelevant and prejudicial Cooper's testimony regarding undercover police work:

> In my role as an undercover officer, how well I portray myself in my undercover role, failure to do so well is very dangerous on my part because of the type of people that I'm dealing with.  Some of the people that I have dealt with in an undercover investigation are very dangerous and carry weapons, and if I do not do a good job or if they suspect that I'm a police officer, my life would be in jeopardy, as well as the life of the informant, if they are present during these investigations.  And also if I don't do a good job, then I won't make a prosecutable case against the person that I am investigating.

(Tr. 175-76).  Just argues that there is no evidence to support the inference that he is the type of person that Cooper described. Cooper's testimony about undercover work was admitted as background to explain some of his actions and the type of language that the jury would later hear on the recording of the transaction.  It was not an abuse of discretion to admit it.

Second, Just objects to testimony by the government's expert witness that the firearm sold by Just was a "machinegun" as that term is used in the statute.[3]  He argues that the opinion addressed the ultimate factual issue and was not helpful to the jury. Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact issue in a case," Fed. R. Evid. 702, but it is not necessarily objectionable for

---

[3]As used in § 922(o), the term "machinegun" has the meaning given the term in section 5845(b) of the National Firearms Act, 28 U.S.C. § 5845(b).  18 U.S.C. § 921(23).

5

addressing the ultimate fact issue. Fed. R. Evid. 704; <u>United States v. Cotton</u>, 22 F.3d 182, 195 (8th Cir. 1994). Here, the jury heard evidence about the characteristics of the firearm and two conflicting expert opinions as to whether the weapon was a machinegun. Just's expert witness admitted that he was not familiar with the statutory definition of the term. The district court did not abuse its discretion in allowing the government's witness to state his conclusion that the weapon was a "machinegun." <u>See</u> <u>United States v. McCauley</u>, 601 F.2d 336, 338 (8th Cir. 1979) (expert opinion that weapon was a "machinegun" in prosecution for possession of unregistered firearm in violation of 18 U.S.C. § 5861(d)).

Finally, Just contests the admission of a mail order catalog advertisement offering to sell ammunition for Japanese machineguns because it was published fourteen months after the date of the charged offense. He argues that the advertisement and the testimony related to it had no probative value and was highly prejudicial. We disagree. The advertisement showed generally what is available in the ammunition marketplace, and the jury was aware of the time differential between the offense and the catalog publication. Moreover, this was not the only evidence of availability. Just himself offered as evidence the entire tape of the transaction during which he insisted twice that a magazine for the weapon could be obtained for $75. Admission of the mail order catalog was not an abuse of discretion.

For the stated reasons the judgment of conviction is affirmed.

GOODWIN, Circuit Judge, dissenting.

Because the evidence that the weapon was a machine gun was extremely thin, I believe the admission of prejudicial testimony about the nature of gun dealers, which ordinarily might have been a harmless error, was not harmless in this case. Accordingly, I

dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.