# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2039

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Larry D. Casey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 6, 2000

Filed: January 19, 2000

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Larry D. Casey challenges the sufficiency of his indictment after he was convicted on one count of wire fraud, in violation of 18 U.S.C. § 1343. After reviewing the record and the parties' briefs, we conclude the indictment sufficiently alleged the essential elements of wire fraud under § 1343 because the indictment's statement that Casey's fraudulent credit card transactions were "electronically forward[ed]" described the interstate use of the wires in a form that substantially stated this element. See 18 U.S.C. § 1343; United States v. O'Hagan, 139 F.3d 641, 651-52 (8th Cir. 1998) (indictment that alleged fraudulent use of confidential business

information held to have alleged "property" element of mail fraud statute "in a form that substantially state[d] the element"); <u>United States v. Just</u>, 74 F.3d 902, 904 (8th Cir. 1996) (indictment challenged after jeopardy has attached is liberally construed in favor of sufficiency); <u>United States v.Mallen</u>, 843 F.2d 1096, 1102 (8th Cir.) (court cannot require indictment to contain particular word or phrase when it alleges element "in a form which substantially states element") (quoted source omitted), <u>cert. denied</u>, 488 U.S. 849 (1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.