# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3905

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kent David Olson, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: May 14, 2001

Filed: August 21, 2001

_____

Before LOKEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In November 1999, two men stole $11,000 from the First National Bank of Stacy, Minnesota and the Moose Lake Federal Credit Union of Sandstone, Minnesota. Following a tip received two days later, officers stopped a van driven by Kent Olson and found over $2000 in cash. Olson was arrested, waived his rights, and confessed to participating in the two robberies. The district court denied his motion to suppress, and a jury convicted him of violating 18 U.S.C. § 2113(a) by aiding and abetting the robbery of the Stacy bank (Count 1), and of violating 18 U.S.C. §§ 2113(a) and (d) by aiding and abetting the armed robbery of the Sandstone credit union. The district court

sentenced Olson to concurrent prison terms, 240 months on Count 1 and 262 months on Count 2. He appeals, arguing the district court erred in denying his motion to suppress because the tip did not provide officers with reasonable suspicion justifying an investigative stop, and in denying his motion for acquittal on Count 1 because the indictment failed to allege an essential element of a § 2113(a) violation. We agree with Olson's second contention, vacate his conviction on Count 1, and remand for resentencing.

## I. The Suppression Issue.

Three days after the Stacy bank robbery, a man carrying a handgun robbed the Sandstone credit union of approximately $8300. Two days later, Pine County Deputy Sheriff Gerald Wedell received a telephone call from a woman who said she had information about the credit union robbery. The caller asked to meet Deputy Wedell in Sandstone but agreed at his request to speak over the phone.[1] She stated that on the day of the Sandstone robbery, two men that she knew told her they had stolen guns the night before and were going to Sandstone to do their laundry. Shortly after they left, the caller heard a police broadcast of the robbery. When she saw these men the next day, one had shaved his head, the other had shaved his beard, and they had a large amount of cash which she estimated to be about $8000. The caller then told Deputy Wedell that one of the men was currently heading southbound on I-35 from Banning Junction to the Twin Cities, driving a white van with a brown stripe with license number 500 HIG. She identified the other man as Corey and said he lived in the Banning Trailer Court, just off the I-35 Banning Junction exit, and drove a 1992 gold Cadillac that may have weapons in the trunk.

---

[1]Deputy Wedell testified at the suppression hearing that the caller provided her name and address, but those facts are not in the record.

Deputy Wedell broadcast the description and suspected location of the van over the dispatcher's radio and requested an investigative stop. State Trooper Jerry Trott observed a van matching the caller's description traveling southbound on I-35 near Hinckley. Deputy Wedell and other officers joined Trott, and they stopped the van. The officers ordered Olson out of the van, escorted him to a squad car, and frisked him, recovering two knives, a birth certificate, and $2296 in cash. Routine inquiries revealed that Olson had no valid driver's license or proof of insurance. During the discussion, Olson commented, "this must be about the bank robbery." He was arrested and later confessed that he drove the getaway car during the Stacy bank robbery, and that he robbed the Sandstone credit union while his co-defendant, Corey Jeffrey, drove the getaway car.

Olson moved to suppress the evidence obtained during the stop of his van, arguing that the caller's anonymous tip did not provide the officers with reasonable suspicion justifying an investigative stop. Alabama v. White, 496 U.S. 325, 331 (1990), held that a sufficiently corroborated anonymous tip may establish reasonable suspicion justifying an investigative stop. Following an evidentiary hearing, the district court denied the motion, concluding that the caller's information, with corroboration, bore sufficient indicia of reliability to support the investigative stop. Olson argues that the caller's tip offered no basis for the information conveyed and was not sufficiently corroborated to establish reasonable suspicion justifying the stop. Having reviewed the district court's findings of fact for clear error and the Fourth Amendment seizure issue *de novo*, we disagree. See Ornelas v. United States, 517 U.S. 690, 699 (1996) (standard of review).

The caller in this case was not a completely anonymous informant. She asked to meet with Deputy Wedell in person and provided her name and address. Her willingness to meet and be identified indicated reliability. Moreover, the detailed information she provided strongly suggested firsthand knowledge. She described conversations with the two men and noted their changed appearances the day after the

robbery. She said they had a large sum of cash, approximately the amount of the credit union robbery proceeds. She provided detailed information about their current whereabouts and their motor vehicles. Finally, the officers corroborated much of this information when they observed a van matching the caller's description driving on I-35 in the area and direction the caller had described. "[I]t is immaterial that the details corroborating an informant's tip are as consistent with innocent conduct as with illegal activity." United States v. McBride, 801 F.2d 1045, 1047 (8th Cir. 1986), cert. denied, 479 U.S. 1100 (1987). With this corroboration, the officers had reasonable suspicion that the driver of the van had been involved in the credit union robbery, and that justified their investigative stop. See United States v. Bell, 183 F.3d 746, 749 (8th Cir. 1999).

## II. The Indictment Issue.

Count 1 of the indictment charged Olson and his co-defendant with the Stacy bank robbery in the following manner:

> each [defendant,] aiding and abetting the other, did take from the person and presence of a victim teller approximately $2,736 in money belonging to and in the care, custody, control, and possession of the First National Bank, Stacy, Minnesota, the deposits of which were then insured by the Federal Deposit Insurance Corporation; all in violation of Title 18, United States Code, Section 2113(a).

At the close of the government's case, Olson moved for judgment of acquittal on Count 1 on the ground that the indictment failed to allege a violation of 18 U.S.C. § 2113(a). His attorney explained:

> [Count 1] does not allege that the taking [from the teller] was by force, violence or intimidation, and the defendant is of the position that this count charges no crime whatsoever . . . . At best this count alleges

[a violation of] 2113(b) . . . . If it alleges anything it alleges that and I don't concede that it alleges that.

In response, counsel for the government argued that the post-trial objection was untimely and Count 1 gave Olson fair notice of the charge. "I think all we need to do is, if anything, just add in the language . . . force, violence and intimidation." The court refused to amend the indictment but denied Olson's motion because Count 1 cited § 2113(a) and the statute clearly states the elements of the offense. The court then instructed the jury in the language of the statute, including use of force and violence or intimidation in the elements of the offense. Olson appeals that ruling.

To be sufficient, an indictment must "contain[] the elements of the offense charged." Hamling v. United States, 418 U.S. 87, 117 (1974); see FED. R. CRIM. P. 7(c)(1). The government intended to charge Olson with violating the following subpart of the first paragraph of § 2113(a):

> **§ 2113 Bank robbery and incidental crimes**
>         (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

The parties agree that the use of force or intimidation is an essential element of this offense. Count 1 contains no clear allegation that defendants took money from the victim teller by force or intimidation. However, when the sufficiency of an indictment is challenged after jeopardy attaches, as in this case, we liberally construe the indictment, finding it sufficient "unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted." United States v. Just, 74 F.3d 902, 904 (8th Cir. 1996) (quotation omitted).

Relying on this standard, the government acknowledges that Count 1 inadvertently omitted this element of the offense but argues Count 1 was nonetheless sufficient under the post-jeopardy standard because it was entitled "Bank Robbery," described the teller as a "victim," and cited § 2113(a) as the charging statute.

Even construing Count 1 liberally, we conclude it does not sufficiently allege that the Stacy bank robbery was accomplished "by force and violence, or by intimidation." Calling Count 1 a charge of "Bank Robbery" does not suggest the crime was committed with force or intimidation because all of § 2113 is entitled "bank robbery," and only this subpart of the first paragraph of § 2113(a) has force or intimidation as an element of the offense. Nor does describing the teller as a "victim" suggest that money was taken from the teller by force or intimidation. A teller would accurately be described as a "victim" if an opportunistic thief reached across the counter and grabbed money from the teller's open cash drawer while the teller's attention was focused elsewhere. That leaves only the fact that Count 1 cited § 2113(a) as the charging statute. It is well-established in this circuit that citation of the statute, without more, does not cure the omission of an essential element of the charge because bare citation of the statute "is of scant help in deciding whether the grand jury considered" the missing element in charging the defendant. United States v. Camp, 541 F.2d 737, 740 (8th Cir. 1976); accord United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988).[2] As there was no fact allegation in Count 1 that can be reasonably construed as charging the force-or-intimidation element of a § 2113(a) offense, we conclude that Count 1 failed to allege a violation of that statute.

---

[2]The Ninth Circuit has held that, when an indictment is not challenged until after trial, citation of the charging statute will cure this defect if the defendant was given adequate notice of the missing element. See United States v. James, 980 F.2d 1314, 1318 (9th Cir. 1992); see also United States v. Martinez, 981 F.2d 867, 871-72 (6th Cir. 1992). However, we held that citation of the charging statute did not cure the defect in Camp even though the sufficiency of the indictment was first challenged on appeal. See 541 F.2d at 741. As a panel, we are bound to follow Camp.

-6-

Two other possible ways of construing Count 1 under the diverse bank robbery statute do not save it from Olson's post-jeopardy challenge. First, the second paragraph of § 2113(a) defines a different type of bank robbery:

> Whoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

However, Count 1 did not allege that either defendant entered the Stacy bank, nor did it allege that they entered with intent to commit a felony, so not even the most liberal construction could reasonably bring Count 1 within this paragraph of § 2113(a).

Second, as Olson's attorney noted to the district court, Count 1 is arguably sufficient to charge the essential elements of a § 2113(b) offense:

> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both.[3]

However, when this issue was raised in the district court, neither party requested that the jury be given a § 2113(b) instruction, and none was given. Moreover, the Supreme Court has recently clarified that § 2113(b) is not a lesser included offense of § 2113(a). See Carter v. United States, 120 S. Ct. 2159, 2163 (2000). Thus, we cannot construe the jury's verdict as finding Olson guilty of a § 2113(b) offense. Compare United

---

[3]Although Count 1 does not specifically allege "takes and carries away, with intent to steal or purloin," at oral argument Olson conceded that these elements can be inferred from the allegation that money was taken from a victim teller.

States v. Plenty Arrows, 946 F.2d 62, 66 (8th Cir. 1991) (appellate court may remand for resentencing on lesser included offense when evidence insufficient only as to an element of the greater offense).

In conclusion, because Count 2 was a crime of violence, and because Olson's sentence was based on his status as a career offender, vacating his conviction on Count 1 may not affect his sentence. See U.S.S.G. 4B1.1. However, that question should be decided in the first instance by the sentencing court. Accordingly, the judgment of the district court is reversed in part, and the case is remanded with instructions to dismiss Count 1 as to Kent David Olson, and for resentencing.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.