**UNITED STATES of America,
Plaintiff,**

v.

**Angela JOHNSON, Defendant.**

**Nos. CR 00–3034–MWB,
CR 01–3046–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

June 24, 2002.

Patrick J. Reinert, Charles J. Williams, U.S. Attorney's Office, Cedar Rapids, IA, for U.S.

Alfred E. Willett, Terpstra, Epping & Willett, Cedar Rapids, IA, Dean S. Stowers, Rosenberg Law Firm, Des Moines,

IA, Patrick J. Berrigan, Watson & Dameron, LLP, Kansas City, MO, Robert R. Rigg, pro hac vice, Des Moines, IA, for defendant.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS SECOND INDICTMENT**

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. *INTRODUCTION* .......................................................1011
 A. *Indictments, Arrest, And Incarceration* ...............................1011
 B. *The Motion To Dismiss The Second Indictment* .........................1013

II. *LEGAL ANALYSIS* ....................................................1013
 A. *Arguments Of The Parties*.............................................1013
 B. *Standards For Dismissal Of An Indictment* ............................1015
 C. *Sufficiency Of The Second Indictment* ................................1016
 1. *The statute defining the offenses* .........................1016
 2. *The "murder while engaging in a conspiracy" counts* ...............1016
 3. *The CCE murder counts* ......................................1019

III. *CONCLUSION* .......................................................1022

In the second of two federal indictments against her, the defendant is charged with five counts of killing witnesses while engaging in a drug-trafficking conspiracy, and five counts of killing witnesses in furtherance of a continuing criminal enterprise (CCE), all in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. The offenses charged are crimes for which the death penalty is authorized. However, the defendant has now moved to dismiss all ten counts of the second indictment on the ground that they fail to state essential elements of the underlying conspiracy and CCE offenses. The government resists the motion to dismiss the indictment on the ground that all ten counts sufficiently set forth the essential elements of the murder offenses with which the defendant is charged.

## I. INTRODUCTION

### A. Indictments, Arrest, And Incarceration

Defendant Angela Johnson is being held in the Linn County Jail pending trial on two separate indictments involving charges that grew out of a continuing investigation of the criminal conduct, including drug trafficking, of Johnson's sometime boyfriend, Dustin Honken, and his associates. The first seven-count indictment against Johnson, in Case No. CR 00-3034-MWB, filed on July 26, 2000, charges her with five counts of aiding and abetting the murder of witnesses, one count of aiding and abetting the solicitation of the murder of witnesses, and one count of conspiracy to interfere with witnesses.[1] The second in-

---

1. More specifically, **Count 1** of this first federal indictment is the first of the counts charging what was described above, for shorthand purposes, as "aiding and abetting the murder of a witness." It charges that, on or about July 25, 1993, Johnson aided and abetted another individual to willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Gregory Nicholson with the intent to prevent Gregory Nicholson from attending or providing testi-

mony at an official proceeding in the Northern District of Iowa—specifically, a criminal prosecution of Dustin Honken on a charge of conspiracy to distribute methamphetamine or to possess methamphetamine with intent to distribute it—and to prevent Gregory Nicholson from communicating to a law enforcement officer of the United States information relating to the commission or possible commission of federal offenses, specifically, distribution of methamphetamine and conspiracy

to distribute methamphetamine, which killing is a first-degree murder, as defined by 18 U.S.C. § 1111, all in violation of 18 U.S.C. §§ 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(2)(A), 1111, and 2.

Count 2 of the indictment is the second charge of "aiding and abetting the murder of a witness." It charges that, on or about July 25, 1993, Angela Johnson aided and abetted another individual to willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Lori Duncan (who was Gregory Nicholson's girlfriend) with the intent to prevent Lori Duncan from communicating to a law enforcement officer of the United States information relating to the commission or possible commission of federal offenses—specifically, tampering with Gregory Nicholson, a federal witness, and unlawful contact with Gregory Nicholson in contempt of court by violation of conditions of pretrial release by Dustin Honken—which killing was a first-degree murder, as defined by 18 U.S.C. § 1111, all in violation of 18 U.S.C. §§ 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(2)(A), 1111, and 2.

Counts 3 and 4 of the indictment are the third and fourth charges of "aiding and abetting the murder of a witness." They charge that, on or about July 25, 1993, Angela Johnson aided and abetted another individual to willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Kandi Duncan and Amber Duncan (Lori Duncan's daughters), respectively, with the intent to prevent them from communicating to a law enforcement officer of the United States information relating to the commission or possible commission of federal offenses—specifically, tampering with Gregory Nicholson, a federal witness, and unlawful contact with Gregory Nicholson in contempt of court by violation of conditions of pretrial release by Dustin Honken—which killings were first-degree murders, as defined by 18 U.S.C. § 1111, all in violation of 18 U.S.C. §§ 1512(a)(1)(A), 1512(a)(1)(C), 1512(a)(2)(A), 1111, and 2.

Count 5 of the indictment is the last of the five charges of "aiding and abetting the murder of a witness." It charges that, on or about November 5, 1993, Angela Johnson aided and abetted another individual to willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Terry DeGeus with the intent to prevent Terry DeGeus from communicating to a law enforcement officer of the United States information relating to the commission or possible

commission of federal offenses—specifically, the distribution of methamphetamine and conspiracy to distribute methamphetamine—which killing was a first-degree murder, as defined by 18 U.S.C. § 1111, all in violation of 18 U.S.C. §§ 1512(a)(1)(C), 1512(a)(2)(A), 1111, and 2.

Count 6 of the indictment was described above, in shorthand terms, as the charge of "aiding and abetting the solicitation of the murder of witnesses." It charges that, between about June 10, 1996, and February 24, 1998, Angela Johnson aided and abetted another individual to solicit, command, induce, and endeavor to persuade Dean Donaldson and Anthony Altimus to engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States—specifically, the murders of Timothy Cutkomp and Daniel Cobeen, with the intent to prevent these witnesses' attendance or testimony at a federal drug trial, a second case against Dustin Honken—with the intent that Dean Donaldson and Anthony Altimus engage in such conduct and under circumstances strongly corroborative of that intent, all in violation of 18 U.S.C. §§ 373(a)(1) and 2.

Finally, Count 7 of the July 26, 2000, indictment charges Johnson with a "conspiracy" offense, described above, in understated terms, as "conspiracy to interfere with witnesses." It actually charges that, between about July 1, 1993, and continuing thereafter until about February 24, 1998, Angela Johnson knowingly and willfully combined, conspired, confederated, and agreed with other persons known and unknown to the grand jury to commit offenses against the United States, which were identified as (1) killing or attempting to kill another person with the intent to prevent that person's attendance or testimony at an official proceeding; (2) preventing communication by that person to a law enforcement officer of information relating to the commission or possible commission of a federal offense or violations of conditions of release pending judicial proceedings; (3) knowingly using intimidation, physical force, threats, or otherwise corruptly to persuade another person with intent to influence, delay, or prevent testimony of that person at an official proceeding; (4) hindering, delaying, or preventing communication to a law enforcement officer of information relating to the commission or possible commission of a federal offense or a violation of conditions of release pending judicial proceedings; and (5)

dictment against Johnson, in Case No. CR 01–3046–MWB, filed on August 30, 2001, charges her with five counts of killing witnesses while engaging in a drug-trafficking conspiracy, and five counts of killing witnesses in furtherance of a continuing criminal enterprise (CCE).[2] Johnson was arrested on July 30, 2000, by officers with the Iowa Department of Criminal Investigation (DCI) on a warrant issued pursuant to the first indictment against her. She has been incarcerated since that time. Since her arrest, Johnson has filed a variety of motions, only one of which is the subject of the present ruling, Johnson's motion to dismiss the second indictment against her.[3]

### B. The Motion To Dismiss The Second Indictment

On December 26, 2001, Johnson moved to dismiss all ten counts of the second indictment against her pursuant to Rule 7 of the Federal Rules of Criminal Procedure. In her motion, Johnson contends that the indictment fails to give her notice of the criminal conduct with which she is charged. Johnson filed a brief in support of her motion detailing her arguments further. The government resisted Johnson's

motion to dismiss the indictment on January 9, 2002, and Johnson filed a "supplemental" brief in further support of her motion on February 5, 2002, in which she attempts to distinguish each of the cases cited by the government from her present circumstances.

## II. LEGAL ANALYSIS

### A. Arguments Of The Parties

In her motion to dismiss the second indictment, Johnson contends that "the indictment fails to outline the essential elements of the underlying charges," in that "Counts 1–5 fail to state the essential elements of the conspiracy offense," and "Counts 6–10 fail to state the elements of the underlying CCE charge." Defendant's Motion to Dismiss Indictment, ¶ 3. She contends, further, that "[i]t is impossible to discern the basis for the indictment against Defendant Johnson so as to enable her to prepare a defense," and that "there is no way for the defendant or the court to know if any evidence the government offers at trial is in fact evidence of the offenses charged by the Grand Jury or not, thereby nullifying Defendant's consti-

---

soliciting, commanding, inducing, and endeavoring to persuade a person to commit a violent felony with intent that such person engage in such conduct under circumstances strongly corroborative of that intent.

2. More specifically, **Counts 1** through **5** of the second indictment charge that, on or about July 25, 1993, while engaging in an offense punishable under 21 U.S.C. § 841(b)(1)(A) and 846, relating to a conspiracy to manufacture and distribute more than 100 grams of methamphetamine between 1992 and 2000, Angela Johnson intentionally killed and counseled, commanded, induced, procured, and caused and aided and abetted the intentional killing of Gregory Nicholson, Lori Duncan, Amber Duncan, Kandi Duncan, and Terry DeGeus, respectively, and that such killings resulted, all in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. **Counts 6**

through **10** charge that, on or about July 25, 1993, Angela Johnson, while working in furtherance of a continuing criminal enterprise between 1992 and 2000 in violation of 21 U.S.C. § 848(c) intentionally killed and counseled, commanded, induced, procured, and caused and aided and abetted the intentional killing of Gregory Nicholson, Lori Duncan, Amber Duncan, Kandi Duncan, and Terry DeGeus, respectively, and that such killings resulted, all in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.

3. A related motion, Johnson's motion for a bill of particulars on the ten counts of the second indictment, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, came before the court on the parties' appeals of the ruling of a magistrate judge, and is the subject of a separate ruling.

tutional right to be prosecuted only on offenses brought by the Grand Jury." *Id.* at ¶ 4.

Johnson fills out these arguments in her brief accompanying her motion to dismiss. In her brief, Johnson contends that the indictment must set forth all of the essential elements of an offense. She argues, further, that the first essential element of a § 848(e)(1)(A) offense depends upon a showing of an underlying crime, either a drug felony punishable under § 841(b)(1)(A), or a CCE. Therefore, she contends that the first element of a § 848(e)(1)(A) offense "is complex in that it is composed of the elements of the underlying offense." Defendant's Brief In Support Of Defendant's Motion To Dismiss Indictment, 6. As to Counts 1 through 5, Johnson contends that, most notably, the charges do not state the *mens rea* required of a defendant to a conspiracy crime. Johnson asserts more extensive grounds for dismissal of Counts 6 through 10. As to those counts, Johnson contends that the indictment is "utterly lacking" in any of the elements of a CCE offense. As to these counts, Johnson contends, further, that the other counts of the indictment shed no light on the underlying felonies constituting the CCE, instead providing only the ambiguous phrase that the murders were committed "while working in furtherance of a continuing criminal enterprise," leaving her with no notice of the offenses against which she must defend. Citing *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), Johnson contends that the Supreme Court has held that, to convict a person of a CCE offense, the jury must unanimously agree on each individual "violation" constituting the CCE, and the absence of any specification of the offenses constituting the underlying CCE in her case means that essential elements of the "murder in furtherance" charges are also lacking. Although the jury is not required to reach

unanimous agreement on the identity of the five or more participants necessary for a CCE offense, Johnson contends that, without notice of which individuals were purportedly involved in the underlying CCE, she cannot prepare a defense to the CCE charges. Finally, she contends that the indictment fails to allege that she was an "organizer, supervisor, or manager" of the CCE or that she derived substantial income from it, as required to establish her guilt on the underlying CCE charge.

In response, the government contends that the indictment adequately charges the elements of the *murder* offenses with which Johnson is charged. The government contends that,

> In essence, under Counts 1 through 5, the government must prove the defendant was engaged in a conspiracy involving more than 100 grams of methamphetamine and killed or aided and abetted the killing of an individual. Under the last five counts, the government must prove the existence of a continuing criminal enterprise and that the defendant worked in furtherance of the continuing criminal enterprise by aiding and abetting in the murders.

Government's Memorandum In Support Of Its Resistance To Defendant's Motion To Dismiss Indictment, 4–5. However, the government rejects Johnson's contention that the indictment should also include the elements of the underlying conspiracy and CCE offenses, even though the court will have to instruct on the elements of those substantive crimes, because the conspiracy and the CCE are separate crimes from the murder offense defined by § 848(e)(1)(A), and the CCE is also a separate crime from any predicate drug violations. The government also argues that the defendant need not be charged with or convicted of the substantive conspiracy or CCE to be found guilty of the § 848(e)(1)(A) offenses.

Indeed, the government contends that there is no requirement that the defendant must have "engaged in" the CCE; only that she was "working in furtherance" of the CCE at the time of the murders, for example, as a hired "henchman," rather than as a person intimately involved in the CCE. The government contends that the circumstances here are analogous to circumstances in which a conspiracy is charged, rather than the substantive offenses that were allegedly the objectives of the conspiracy. In summary, the government contends that the indictment tracks the language of the statute defining the § 848(e)(1)(A) murder offenses, charges Johnson with her involvement in murders related to a conspiracy or while working in furtherance of a CCE, and identifies the time frames for the conspiracy or CCE; the government asserts that nothing more is required.

### B. Standards For Dismissal Of An Indictment

 As the Eighth Circuit Court of Appeals recently explained,

> Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that "[t]he indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the *offense* charged." (emphasis added). The indictment "shall state the *statute, rule, regu-*

*lation* or other provision of law which the defendant is alleged therein to have *violated.*" *Id.* (emphasis added). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *See United States v. Wessels,* 12 F.3d 746, 750 (8th Cir.1993) (citing *United States v. Young,* 618 F.2d 1281, 1286 (8th Cir. 1980)).

*United States v. Carter,* 270 F.3d 731, 736 (8th Cir.2001) (emphasis in the original); *United States v. Olson,* 262 F.3d 795, 799 (8th Cir.2001) ("To be sufficient, an indictment must 'contain[ ] the elements of the offense charged.' *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *see* FED. R. CRIM. P. 7(c)(1)."); *United States v. White,* 241 F.3d 1015, 1021 (8th Cir.2001) ("We will consider an indictment sufficient 'if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution.'") (quoting *United States v. Mallen,* 843 F.2d 1096, 1102 (8th Cir.1988)).[4] Similarly,

> Usage of a particular word or phrase in the indictment is not required as long as we can recognize a valid offense and the

4. As the court also explained in *Carter,* "Although the sufficiency of an indictment is a jurisdictional issue which may be considered at any time, Fed.R.Crim.P. 12(b)(2), when an indictment is challenged for the first time after a verdict, it will be liberally construed in favor of sufficiency." *Carter,* 270 F.3d at 736. In those circumstances, "absent prejudice," the indictment will stand, "unless the indictment cannot, within reason, be construed to charge a crime." *Id.; Olson,* 262 F.3d at 799 (clarifying that "when the sufficiency of an indictment is challenged after jeopardy attaches, ... we liberally construe the indictment, finding it sufficient 'unless it is so de-

fective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted'") (quoting *United States v. Just,* 74 F.3d 902, 904 (8th Cir. 1996)); *White,* 241 F.3d at 1021 (explaining that "we apply a more deferential standard of review" when an indictment is not challenged until after jeopardy attaches, identifying that "more deferential standard" in essentially the same terms as are used in *Carter* and *Olson* ). However, Johnson's challenge to the sufficiency of the indictment has been made prior to trial, so that the indictment is not entitled to either liberal construction or deference.

form of the allegation "substantially states the element[s]." [*Mallen*, 843 F.2d at 1102.] In fact, we will find an indictment insufficient only if an "essential element 'of substance' is omitted." *Id.* (citation omitted).

*White*, 241 F.3d at 1021. Although no particular words or phrases are necessarily required, "[i]t is well-established in this circuit that citation of the statute, without more, does not cure the omission of an essential element of the charge because bare citation of the statute 'is of scant help in deciding whether the grand jury considered' the missing element in charging the defendant." *Olson*, 262 F.3d at 799 (quoting *United States v. Camp*, 541 F.2d 737, 740 (8th Cir.1976), and also citing *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir.1988)).

### C. Sufficiency Of The Second Indictment

#### 1. The statute defining the offenses

Section 848(e)(1)(A) of Title 21 provides as follows:

**(e) Death penalty**

■ (1) In addition to the other penalties set forth in this section—

(A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such

killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death[.]

21 U.S.C. § 848(e)(1)(A). Both "murder in furtherance of a CCE" and "murder while engaging in a drug-trafficking conspiracy" are "expressly prohibited by 21 U.S.C. § 848(e)(1)(A)." *United States v. Moore*, 149 F.3d 773, 779 (8th Cir.), *cert. denied*, 525 U.S. 1030, 119 S.Ct. 570, 142 L.Ed.2d 475 (1998).[5] However, citing this statute in the pertinent counts of the indictment, as the government did here, does not necessarily establish the sufficiency of the indictment. *See Olson*, 262 F.3d at 799. Rather, the court must consider whether the charges contain the essential elements of the offenses. *Id.*

#### 2. The "murder while engaging in a conspiracy" counts

■ "To be convicted of killing while engaged in a drug conspiracy, one must kill while engaged in 'an offense punishable under section 841(b)(1)(A).'" *United States v. Jones*, 101 F.3d 1263, 1268 (8th Cir.1996) (quoting 21 U.S.C. § 848(e)(1)(A)), *cert. denied*, 520 U.S. 1160, 117 S.Ct. 1346, 137 L.Ed.2d 504 (1997). A drug conspiracy under § 846 is punishable under § 841(b)(1)(A) if a drug offense defined by § 841(a) involves sufficient quantity of controlled substances to trigger the penalty provisions in § 841(b)(1)(A). *See id.* The Circuit Courts of Appeals to consider the question apparently all agree

---

5. Indeed, a defendant cannot be convicted and punished for both "murder while engaging in a drug-trafficking conspiracy" and "murder in furtherance of a CCE," and counts charging both kinds of murder of the same person are "potentially multiplicitous." *Moore*, 149 F.3d at 779; *see also United States v. Jefferson*, 215 F.3d 820, 823 (8th Cir.) (a drug conspiracy is, as a matter of law, a lesser-included offense of a CCE offense based

on drug-trafficking), *cert. denied*, 531 U.S. 911, 121 S.Ct. 261, 148 L.Ed.2d 189 (2000). However, the court can eliminate the risk of multiplicitous convictions or punishment by instructing the jury that, if they find the defendant guilty of murder in furtherance of a CCE, they need not consider the charge of murder in furtherance of a conspiracy. *Moore*, 149 F.3d at 779.

that "murder while engaged in a drug conspiracy" under § 848(e)(1)(A) is a separate offense from "drug conspiracy" under § 846, and that a person can be punished for *both* the murder and the drug conspiracy. *See United States v. Collazo–Aponte,* 216 F.3d 163, 199–200 (1st Cir.2000) (citing cases), *cert. granted in part and judgment vacated and remanded on other grounds,* 532 U.S. 1036, 121 S.Ct. 1996, 149 L.Ed.2d 1000 (2001).[6] However, those conclusions do not mean, as the government seems to contend, that the elements of a drug conspiracy are not also elements of murder while engaging in a drug conspiracy—indeed, such an interpretation would be the wrong way around. Rather, to find a defendant guilty of the "murder while engaging in a drug conspiracy" offense under § 848(e)(1)(A), the jury must find the following four elements beyond a reasonable doubt: "(1) that [the defendant] was guilty of the narcotics conspiracy as [described in the indictment]; (2) the drug conspiracy involved at least [the quantity of the controlled substance triggering punishment under 21 U.S.C. § 841(b)(1)(A) ]; (3) while engaging in the drug conspiracy involving the specified quantity of drugs, [the defendant] either intentionally killed or counseled, demanded, induced, procured, or caused the intentional killing [the identi-

fied victim]; and (4) that the killing of [the victim] actually resulted from [the defendant's] actions." *United States v. Walker,* 142 F.3d 103, 112 (2d Cir.), *cert. denied,* 525 U.S. 896, 119 S.Ct. 219, 220, 142 L.Ed.2d 181 (1998). Thus, the essential elements of a drug conspiracy are necessarily essential elements of "murder while engaging in a drug conspiracy" by virtue of the first element of the charged offense.

The government cites *United States v. Ray,* 238 F.3d 828, 832 (7th Cir.), *cert. denied,* 532 U.S. 1045, 121 S.Ct. 2014, 149 L.Ed.2d 1015 (2001), for the proposition that "[t]he defendant need not be charged with, or convicted of, the . . . substantive conspiracy to be found guilty of . . . murder charged in violation of 21 U.S.C. § 848(e)." Government's Memorandum In Support Of Its Resistance To Defendant's Motion To Dismiss Indictment at 6. To the extent that the government is arguing that *Ray* supports the proposition that the government doesn't have to prove that the defendant was guilty of the conspiracy to prove murder while engaged in the conspiracy, the *Ray* decision provides no such support. Rather, in *Ray,* the Seventh Circuit Court of Appeals considered only the defendant's "statutory interpretation claim that a person may not be convicted of

---

**6.** As the First Circuit Court of Appeals explained in *Collazo–Aponte,*

> The statutory language of 21 U.S.C. § 848(e)(1) clearly indicates that a drug-related murder conviction is a separate offense from the predicate drug conspiracy offense. . . . Significantly, the first sentence of § 848(e)(1) begins "[i]n addition to the other penalties set forth in this section," thereby making it clear that Congress intended to permit a defendant to be convicted and sentenced separately for murder under 848(e)(1) and a predicate drug conspiracy punishable under 21 U.S.C. § 841(b)(1)(A). The case law is in accord and we need not give this argument any further consideration. *See United States v. McCullah,* 76 F.3d 1087, 1104–05 (10th

Cir.1996); *United States v. Snow,* 48 F.3d 198, 200 (6th Cir.1995); *see also United States v. Villarreal,* 963 F.2d 725, 728 (5th Cir.1992) ("We are convinced that Congress created a substantive offense in 21 U.S.C. § 848(e)(1)(B) and that its 'language, structure, and . . . history . . . show in the plainest way that Congress intended [it] to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses.' " (quoting *Garrett,* 471 U.S. at 779, 105 S.Ct. 2407, 85 L.Ed.2d 764)); *cf. United States v. NJB,* 104 F.3d 630, 632–33 (4th Cir. 1997) (holding conviction for CCE murder, 21 U.S.C. § 848(e)(1), is a separate offense from a CCE, 21 U.S.C. § 848(c)).
> *Collazo–Aponte,* 216 F.3d at 199–200.

murder in furtherance of a CCE without also being charged with and convicted of being engaged in a CCE." *Ray,* 238 F.3d at 832. There is no mention in this portion of the *Ray* decision of anything to do with a charge of "murder while engaging in a drug conspiracy" under § 848(e)(1)(A). The court in *Ray* determined that a person could be guilty of "CCE murder" if the government established that the defendant was "working in furtherance of" the CCE, which reached "hired henchmen," not just "kingpins"; the government did not have to prove that the defendant was *both* "engaged in" and "working in furtherance of" the CCE. *See id.* at 832–33. Thus, *Ray* in part distinguishes the scope of the "engaged in" language—which might reach only defendants who were actually guilty of the CCE offense—from the "working in furtherance of" language—which reached persons who would not be guilty of the underlying CCE offense. *Id.* (explaining that, otherwise, the "working in furtherance of" language would be superfluous of the "engaging in" language).

In Johnson's case, however, in Counts 1 through 5 of the second indictment, the government has charged *only* the "engaging in" alternative. *See* Indictment in Case No. CR 01–3046–MWB, Counts 1–5. Therefore, the government *must* prove that Johnson "engaged in," *i.e.,* was guilty of, the "conspiracy" as an element of proof on the charges of "murder while engaging in a drug conspiracy." *See Walker,* 142 F.3d at 112 (stating the elements of "murder while engaging in a drug conspiracy" as including proof that the defendant was guilty of the conspiracy); *see Ray,* 238 F.3d at 832–33 (distinguishing the scope of "engaging in" from the scope of "working in furtherance of" the underlying offense).

■ In turn, "[t]o convict a defendant of [a drug] conspiracy, the government must prove beyond a reasonable doubt the following elements: (1) there was a conspira-

cy with an illegal purpose, (2) the defendant knew about the conspiracy, and (3) the defendant knowingly became part of it." *White,* 241 F.3d at 1022; *United States v. Cordova,* 157 F.3d 587, 592 (8th Cir.1998) ("To establish a drug conspiracy, the government must prove the existence of an agreement between two or more persons to violate federal narcotics law, the defendant's knowledge of the agreement, and the defendant's voluntary participation in the agreement."). Johnson specifically contends that what is missing from Counts 1 through 5 of the indictment is any allegation of *mens rea.* However, the government contends that, in *United States v. Starr,* 584 F.2d 235, 237 (8th Cir.1978), the Eighth Circuit Court of Appeals joined the majority of Circuit Courts of Appeals holding that a conspiracy charge is valid even though the element of knowledge was missing from the object of the conspiracy.

In *Starr,* Count I of the indictment charged the defendant with conspiracy to distribute MDA. *See Starr,* 584 F.2d at 236. The defendant contended "that knowledge or intent are essential elements of a substantive violation under 21 U.S.C. § 841(a)," and because the count of "conspiracy to violate section 841(a), failed to charge that defendant knowingly and intentionally distributed MDA or possessed MDA with intent to distribute, an essential element of the substantive offense which was the object of the conspiracy," the conspiracy count "failed to set forth an essential element of the offense charged." *Id.* at 236–37. The court reasoned that, "if Count I had merely alleged a substantive offense under 21 U.S.C. § 841(a), we would be constrained to agree with appellant Starr's contention." *Id.* at 237. However, the court reached a different conclusion, because the count charged *conspiracy* to commit the substantive offense:

This court has recently held that an indictment charging a conspiracy to violate 21 U.S.C. § 841(a) (in violation of 21 U.S.C. § 846) which omits the word "knowledge," is still a sufficient allegation to serve as fair notice to a defendant. *United States v. Wallace,* 578 F.2d 735 (8th Cir.1978). As was true in *Wallace,* the defendant here was on clear notice that he was charged with a conspiracy, illegal under 21 U.S.C. § 846, to violate 21 U.S.C. § 841(a). *Compare Nelson v. United States, supra,* 406 F.2d at 1136–37 (the charge was brought under the general conspiracy statute). We note, as the court in *Wallace* similarly noted, that the draftsmanship of the instant indictment is not a paragon for future indictments. However, in light of our holding in *Wallace,* and *Wong Tai* and its progeny, *United States v. Pheaster, supra, United States v. Fischetti, supra,* and *United States v. Mixon, supra,* concerning the omission of the element of knowledge, we agree with the district court that the omission of the words "knowingly or intentionally" in the instant case is not fatal error. *Compare Fulbright v. United States,* 91 F.2d 210 (8th Cir.1937) (this court held that where the indictment did not charge and the proof did not show an essential element of the substantive charge the conviction must be reversed). *Starr,* 584 F.2d at 237.

■ Clearly, more than twenty years after *Starr,* "the draftsmanship of the instant indictment is not a paragon for future indictments," either. *Id.* However, in light of *Starr,* the court cannot hold that omission of the *mens rea* element concern-

ing the underlying conspiracy from the "murder while engaged in a drug conspiracy" charge was necessarily a fatal deficiency, even where the government must prove that the defendant was guilty of the underlying conspiracy as an element of the murder charge—as it must in this case, where it charged only the "engaging in" alternative as to the conspiracy-related murder charges. Moreover, the language of Counts 1 through 5 of the second indictment at issue here was adequate to overcome a motion to dismiss, because the specification that Johnson committed or aided and abetted the various killings "while engaged in an offense punishable under Title 21, United States Code, Sections 846 and 841(b)(1)(A), relating to a conspiracy to manufacture and distribute more than 100 grams of methamphetamine between 1992 and 2000" sufficiently implies Johnson's knowledge of the conspiracy and its purpose to inform her of the charges against her. *Cf. White,* 241 F.3d at 1021 (although the indictment lacked specificity concerning the exact dates of the conspiracy, it was adequate to charge the conspiracy, because it specified a conspiracy to possess and distribute a specified controlled substance in a specified place during a specified time span).[7]

That part of Johnson's motion seeking to dismiss Counts 1 through 5 of the indictment will be denied.

### 3. The CCE murder counts

■ In *United States v. Maull,* 806 F.2d 1340 (8th Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987), the court identified the elements of a sub-

---

7. In her "supplemental" brief, Johnson appears to assert other supposed deficiencies in the "murder while engaging in a drug conspiracy" charges. However, she did not assert those deficiencies initially, as part of her motion or opening brief, and, more to the point, the court does not find that any such

supposed deficiencies require *dismissal* of the indictment, even if the court, in its discretion, has concluded that a bill of particulars on the same charges is appropriate to supply some of the information that Johnson contends is "missing" from the indictment.

stantive CCE offense as follows: " '1) a felony violation of the federal narcotics laws; 2) as a part of a continuing series of violations; 3) in concert with five or more persons; 4) for whom the defendant is an organizer and supervisor; and 5) from which he derives substantial income or resources.' " *Maull*, 806 F.2d at 1342 (quoting *United States v. Lewis*, 759 F.2d 1316, 1331 (8th Cir.), *cert. denied*, 474 U.S. 994, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985)). The Eighth Circuit Court of Appeals more recently explained that, "[t]o sustain convictions for murder in violation of 21 U.S.C. § 848(e)(1)(A), an offense for which the death penalty is authorized, the government must prove that Moore and Wyrick were 'engaged in or working in furtherance of' Moore's CCE; that Wyrick intentionally killed Kerns and Moore procured the killing; and 'that there was a substantive connection between the killing and the CCE.' " *United States v. Moore*, 149 F.3d 773, 778 (8th Cir.) (quoting the statute), *cert. denied*, 525 U.S. 1030, 119 S.Ct. 570, 142 L.Ed.2d 475 (1998).

■ In Johnson's case, however, in Counts 6 through 10 of the second indictment, the government did not indict Johnson with both "engaging in and working in furtherance of" the CCE, *compare Moore*, 149 F.3d at 778, but only "working in furtherance of" the CCE. Thus, in contrast to the conspiracy-related murder charges in Counts 1 through 5 of the second indictment—which charged only the "engaging in" alternative under the statute—as to Counts 6 through 10, the government does not have to prove that Johnson was actually guilty of the underlying CCE offense before it can prove that she is guilty of the CCE murder charges against her. However, it is readily apparent that, at a minimum, the elements for proof of *the existence* of a CCE, as stated in *Maull*, and that Johnson was "working in furtherance of" that CCE are necessarily elements of the "murder in furtherance of a CCE"

charges against Johnson in Counts 6 through 10 of the second indictment. *See Moore*, 149 F.3d at 778 (elements of murder while engaging in or working in furtherance of a CCE); *see also Ray*, 238 F.3d at 832–33 (distinguishing between "working in furtherance of" a CCE and "engaging in" a CCE, on the basis that "working in furtherance of" reaches "hired henchmen," while "engaging in" reaches only "kingpins" and persons guilty of the CCE offense, and requiring proof "that a CCE existed and [the defendant] committed murder in furtherance of the CCE").

■ In light of this requirement, the language of Counts 6 through 10 of the second indictment is insufficient, because it begs the question of *what* CCE is at issue. As this court observed in its ruling on Johnson's motion for a bill of particulars, there is not even an identification of the purported objective of the underlying CCE in Counts 6 through 10 of the second indictment, either expressly or by reference to other charges, so that the indictment states almost no facts, other than the alleged murder of witnesses *in furtherance* of the CCE, as "the specific facts constituting the offense[s]," including the underlying CCE. *Hamling*, 418 U.S. at 117, 94 S.Ct. 2887. Indeed, the language of Counts 6 through 10 of the second indictment against Johnson is a forceful example of why "[i]t is well-established in this circuit that citation of the statute, without more, does not cure the omission of an essential element of the charge." *Olson*, 262 F.3d at 799. In this case, "bare citation of the [CCE murder] statute 'is of scant help in deciding whether the grand jury considered' the missing element[s] in charging the defendant," *Olson*, 262 F.3d at 799 (quoting *Camp*, 541 F.2d at 740), which here consist of the existence of a CCE in furtherance of which Johnson allegedly acted, specifically, an enterprise

involving (1) a violation of federal narcotics laws, (2) as a part of a continuing series of violations, (3) involving the concerted action of five or more persons, for which (4) at least one person was an organizer and supervisor of the enterprise, and (5) from which that person or those persons derived substantial income or resources. *See Maull,* 806 F.2d at 1342; *see also Ray,* 238 F.3d at 833 (rejecting the defendant's argument that the jury instructions improperly defined a CCE, because they were cast in terms of "at least one person" rather than "a person" or "the defendant," because "the person engaged in the CCE and the person charged with committing murder in furtherance of the CCE need not be the same person"). In the absence of any allegation of these missing elements, it is nearly impossible to tell whether Johnson could, now or ever, raise a defense of double jeopardy, and, more immediately, it is nearly impossible for her to know against what charges she must defend. *See Carter,* 270 F.3d at 736 (stating these standards for sufficiency of an indictment); *Olson,* 262 F.3d at 799 (same); *White,* 241 F.3d at 1021 (making clear that the indictment must be sufficient to allow a defendant " 'to plead double jeopardy as a bar to a *future* prosecution' ") (quoting *Mallen,* 843 F.2d at 1102) (emphasis added). This is not just a case of failing to allege charges in particular words or particular phrases, but a wholesale failure to provide any sufficient facts from which this court or the defendant can "recognize a valid offense" or some "form of the allegation [that] 'substantially states the element[s]' " of the charged offenses. *See White,* 241 F.3d at 1021 (again quoting *Mallen,* 843 F.2d at 1102). The CCE-related charges do not so much as cross-reference the drug conspiracy underlying Counts 1 through 5 or identify any other qualifying predicate offense for a CCE, nor do they allege any "specific facts" from which such notice of the nature of the

CCE could be gleaned. *See Hamling,* 418 U.S. at 117–18, 94 S.Ct. 2887 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished," which means that "[u]ndoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.") (internal quotation marks and citations omitted).

The government's further arguments to salvage the deficient language of Counts 6 through 10 of the second indictment are unavailing. Again, the government's assertions that a § 848(e)(1)(A) murder offense is a "separate offense" from the underlying CCE offense and that a CCE offense is a "separate offense" from the predicate drug offenses simply puts things the wrong way around. Where the CCE murder offense necessarily incorporates as an essential element the existence of a CCE, the indictment *must* allege the elements that would, if proved, establish the existence of the underlying CCE. The government seems to recognize this fact by conceding that, at trial, "the government will be required to prove ... the existence of a continuing criminal enterprise which was furthered by the defendant's actions" to prove Counts 6 through 10 of the second indictment. *See* Government's Memorandum In Support Of Its Resistance To Defendant's Motion To Dismiss Indictment at 5.

The court will grant that part of Johnson's motion to dismiss Counts 6 through 10 of the second indictment against her,

but will do so without prejudice to a superseding indictment satisfying the requirements stated herein for pleading such charges.

### III. CONCLUSION

The court finds no fatal flaw in Counts 1 through 5 of the second indictment against Johnson. However, Counts 6 through 10 fail to satisfy the applicable requirements. Therefore, Johnson's December 26, 2001, motion to dismiss all ten counts of the second indictment against her pursuant to Rule 7 of the Federal Rules of Criminal Procedure is **granted in part** and **denied in part**, as follows:

1. That part of Johnson's motion seeking to dismiss Counts 1 through 5 of the second indictment against her, the indictment in Case No. CR 01–3046–MWB, is **denied**.

2. That part of Johnson's motion to dismiss Counts 6 through 10 of the second indictment against her, the indictment in Case No. CR 01–3046–MWB, is **granted**, and those counts are **dismissed**. However, said dismissal of Counts 6 through 10 is **without prejudice** to a superseding indictment satisfying the requirements stated herein for pleading such charges.

**IT IS SO ORDERED.**